# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**SUSAN DEHERRERA**, and
**JOSE GUERRERO**,

    Plaintiffs,

v.

**HUERFANO COUNTY**, a municipality,
**JEFF BENSMAN,** in his individual capacity,
**TERRY SANDOVAL,** in his individual capacity, and
**SAM JENSEN**, in his individual capacity,

    Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs Susan DeHerrera and Jose Guerrero, by and through their attorney, Taylor G. Minshall, of RELEVANT LAW – COLORADO SPRINGS, respectfully alleges for their Complaint and Jury Demand as follows:

### I. INTRODUCTION

1. This is an action for damages and other relief against Defendants pursuant to 42 U.S.C. § 1983 and § 13-21-131, C.R.S. for violating Plaintiffs' rights under the Fourth Amendment of the U.S. Constitution and the state constitutional search and seizure provision, Colo. Const. art. II, § 7. Plaintiffs allege that Defendants violated their Fourth Amendment rights when, intentionally, knowingly, recklessly, and with deliberate indifference to their constitutional rights, Defendants subjected them to intrusive, unjustified, and illegal searches of the real property where they reside without an administrative search warrant or any lawful basis. Plaintiffs additionally allege that Defendants violated constitutional rights by Defendant Bensman's menacing and violent conduct,

including constructive impersonation of a peace officer and assault and battery of Mr. Guerrero on Plaintiffs' property during two separate incidents. Defendants' conduct under color of state law proximately caused the deprivation of Plaintiffs' federally protected rights. Plaintiffs have served notice of their claims in compliance with Colo. Rev. Stat § 24-10-109.

## II. JURISDICTION & VENUE

2. The federal claims in this action arise under the Constitution and laws of the United States and are brought pursuant to 42 U.S.C. § 1983. The state claims in this action arise under the Constitution of the State of Colorado and are brought pursuant to section 13-21-131 of the Colorado Revised Statutes.

3. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343 and 2201.

4. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988 and § 13-21-131(3), C.R.S.

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties are residents of the State of Colorado.

## III. PARTIES

6. At all times relevant to this Complaint, Plaintiff Susan DeHerrera was a citizen of the United States of America and a resident of the State Colorado.

7. At all times relevant, Plaintiff Jose Guerrero was a citizen of the United States of America and a resident of the State of Colorado.

8. Defendant Jeff Bensman is a natural person and was at all times relevant to this Complaint a citizen of the United States, a resident of the State of Colorado, and acting under color

of state law and within the scope of his employment as Chief Code Enforcement Officer for the Huerfano County Land Use Department ("LUD"), including when his actions were in violation of the Constitution and laws of the State of Colorado and the Constitution and laws of the United States of America. Defendant Bensman is a named Defendant in his individual capacity.

9. Defendant Terry Sandoval is a natural person and was at all times relevant to this Complaint a citizen of the United States, a resident of the State of Colorado, and acting under color of state law and within the scope of his employment as Building Inspector employed by the LUD, including when his actions were in violation of the Constitution and laws of the State of Colorado and the Constitution and laws of the United States of America. Defendant Sandoval is a named Defendant in his individual capacity.

10. Defendant Sam Jensen is a natural person and was at all times relevant to this Complaint a citizen of the United States, a resident of the State of Colorado, and acting under color of state law and within the scope of his employment as Land Use Director employed by the LUD, including when his actions were in violation of the Constitution and laws of the State of Colorado and the Constitution and laws of the United States of America. Defendant Jensen is a named Defendant in his individual capacity.

11. Defendants Jeff Bensman, Terry Sandoval, and Sam Jensen are collectively referred to hereafter as "Individual Defendants."

12. Defendant Huerfano County is a Colorado municipal corporation and is the legal entity responsible for itself and for the LUD. Plaintiffs base all applicable and appropriate claims as to Defendant Huerfano County and the LUD on the doctrines of respondeat superior or vicarious liability, and municipal liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

## IV. FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiffs resided in a recreational vehicle (RV) on an undeveloped parcel of private property owned by Plaintiff Susan DeHerrera located in Huerfano County with a legal description of "TWP 28S RNG 67W SEC 14: SW4160 AC MOL 276-228 264-86 359-964 364-819 361324 361326 380277 396620 399754 418652 418653 419731 419732 426396 426397" as reflected in the records of Huerfano County, Colorado (attached hereto as "**Exhibit 1 to Complaint**").

14. From March 15, 2021, through August 18, 2021, Defendant Bensman was employed as the Chief Code Enforcement Officer for Huerfano County's Land Use Department.

15. During this time, Defendant Bensman conducted field investigations regarding possible land use violations on the real property where Plaintiffs resided.

16. Huerfano County's Code Enforcement Policy in effect at that time (attached hereto as "**Exhibit 2 to Complaint**") provides the following in relevant part regarding field investigations:

> Code Enforcement staff may enter upon private property to conduct a field investigation without authority to enter. Code Enforcement staff may enter property to seek permission to investigate the premises. **If the property owner refuses access at any time, the investigation shall be conducted from public roads or property where permission to enter has been granted. If Code Enforcement staff are refused access or entry, and entry is necessary to conduct the investigation, staff shall consult with the County Court Judge to go about obtaining an administrative search warrant.**

*See* Ex. 2 at 10-11 (emphasis added).

***Defendant Bensman's and Defendant Sandoval's violent and menacing encounter with Plaintiffs on July 14, 2021 violated Plaintiffs' constitutional rights.***

17. On July 14, 2021, Defendant Bensman and Defendant Sandoval accessed and conducted investigations on the real property where Plaintiffs resided, without a search warrant, and continued to do so after Plaintiffs repeatedly refused their access and demanded they leave.

18. The incident began while Plaintiffs were having a licensed contractor install a pump for a well on their property. Defendant Bensman drove an unmarked private vehicle onto Plaintiffs' property and parked near the well site.

19. Plaintiffs asked the driver who he was and what he was doing on their property. Defendant Bensman told them that it was "none of [their] business" what he was doing there.

20. Defendant Bensman then drove away, and shortly after, returned with another vehicle and drove onto Plaintiffs' property, parking near Plaintiffs' well site.

21. Defendant Bensman and Defendant Sandoval exited their vehicles and approached Plaintiffs and the contractors working at the well site. Defendant Bensman was armed and openly carrying his private pistol, handcuffs, and bandolier of bullets.

22. Mrs. DeHerrera identified herself as the owner of the property and asked Defendant Bensman what he was doing on her property, to which Defendant Bensman replied, "No, you go away. I don't have to tell you anything."

23. Mrs. DeHerrera then told Defendant Bensman and Defendant Sandoval that they did not have a right to be on her property and refused their access to her property.

24. Defendant Bensman and Defendant Sandoval ignored Mrs. DeHerrera's refusal of their access to her property and continued their investigation.

25. Defendant Bensman then continued to approach one of the contractors while asking if he had a license within Huerfano County.

26. At that point, Mr. Guerrero attempted to protect his wife from physical altercation with the armed Defendant Bensman by standing in between Mr. Bensman and Mrs. DeHerrera, with Mr. Guerrero's back facing Defendant Bensman.

27. Defendant Bensman then grabbed Mr. Guerrero's arm and used force to inflict pain and turn his body around so that he was facing towards Defendant Bensman.

28. Defendant Bensman then poked Mr. Guerrero's chest with his finger in a demeaning manner.

29. Defendant Bensman's unauthorized use of force against Mr. Guerrero and resulting harmful contacts constitute assault and battery and violated Mr. Guerrero's constitutional rights.

30. Defendant Sandoval watched Defendant Bensman use physical force on Mr. Guerrero, yet Defendant Sandoval made no effort to intervene or stop Defendant Bensman's unlawful actions.

31. The Huerfano County Code Enforcement Policy in effect at that time did not authorize code enforcement officers to use any physical force to carry out their duties. *Id.*

32. The force that Defendant Bensman used to grab Mr. Guerrero's arm and turn him around left bruising on Mr. Guerrero's arm, as depicted in the photograph taken immediately after the incident attached hereto as "**Exhibit 3 to Complaint**."

33. Mr. Guerrero, in response to Defendant Bensman's unauthorized use of force against him, stated, "Don't push me man!" and warned Defendant Bensman, stating, "The next time I see you, I'm gonna kick your ass, buddy."

34. Defendant Bensman then stated to Mr. Guerrero "You just threatened an officer of the court. You're going to jail."

35. Mr. Guerrero then repeatedly told Defendant Bensman and Defendant Sandoval to leave the property, yet both defendants remained on Plaintiffs' property to continue their investigation.

36. Defendant Sandoval then stated that he was the building inspector, and he received a complaint, so he was there to investigate.

37. Mrs. DeHerrera replied and stated that they were "not building anything" on the property and repeatedly told Defendant Sandoval and Defendant Bensman to "please, leave."

38. However, Defendant Sandoval and Defendant Bensman again ignored Plaintiffs' multiple demands to leave their property.

39. Mrs. DeHerrera then asked Defendant Sandoval, "Is there a problem with you leaving?" to which he ignored her and proceeded to continue the investigation by asking Mrs. DeHerrera if they were installing a cistern.

40. Plaintiffs repeatedly refused access of their property to Defendant Bensman and Defendant Sandoval and demanded that they immediately leave their property, to no avail.

41. Defendant Bensman and Defendant Sandoval remained on Plaintiffs' property and continued their investigation after they were first refused access by Plaintiffs.

42. As reflected in the transcript of a court hearing on November 10, 2022, for a protective order petitioned by Mr. Guerrero (attached as "**Exhibit 4 to Complaint**"), when questioned about his encounters on Plaintiffs' property on July 14, 2021, Defendant Bensman testified that he was "always" investigating; that he "never asked for permission" to access or stay on Plaintiffs' property because "it was not necessary according to what we were instructed" under the Huerfano County Code Enforcement Policy and by the LUD's "former attorney"; and that he never obtained an administrative search warrant to investigate on Plaintiffs' property. *See* Ex. 4 at 30-31.

43. Neither Defendant Bensman nor Defendant Sandoval had an administrative search warrant for Plaintiffs' property; both defendants completely ignored Plaintiffs' repeated demands to leave the property; and both defendants defiantly continued their investigation on Plaintiffs' property for about one hour, in violation of the Huerfano County Code Enforcement Policy and the Fourth Amendment of the United States Constitution. *See* Ex. 2 at 10-11.

44. Defendant Bensman's and Defendant Sandoval's violent and menacing encounter with Plaintiffs on July 14, 2021 violated Plaintiffs' constitutional rights.

***Defendant Bensman's violent and menacing encounter with Plaintiffs on August 2, 2021 violated Plaintiffs' constitutional rights.***

45. The second incident involving Defendant Bensman was on August 2, 2021. On that day, Defendant Bensman drove his vehicle onto Plaintiffs' property, parked next to their RV, and then exited his vehicle and approached the entrance of Plaintiffs' RV.

46. Mr. Guerrero exited the RV and found Defendant Bensman standing directly in front of him, armed and openly carrying and displaying his personal firearm, handcuffs, and bandolier of bullets on his belt in a menacing fashion.

47. Defendant Bensman then stepped towards Mr. Guerrero and slammed a summons into Mr. Guerrero's belly, with significant force, intending to cause Mr. Guererro pain, as he said, "You have been served."

48. Mrs. DeHerrera was frightened as she watched the violent incident just a few feet away from inside Plaintiffs' RV.

49. Defendant Bensman then drove away and left Plaintiffs' property.

50. Defendant Bensman's violent and menacing encounter with Plaintiffs on August 2, 2021, constituted an unauthorized use of force against Mr. Guerrero, assault and battery, and violated Plaintiffs' constitutional rights.

***Defendant Bensman was subsequently terminated by the LUD after his violent, menacing, and unlawful conduct towards Plaintiffs.***

51. Plaintiffs subsequently met with Huerfano County Sheriff Newman and discussed Defendant Bensman's violent, menacing, and unlawful interactions with Plaintiffs on July 14, 2021, and August 2, 2021.

52. Days later, the LUD terminated Defendant Bensman's employment on August 18, 2021, following his violent, menacing, and unlawful conduct towards Plaintiffs. However, Defendant Sandoval was neither terminated nor disciplined by the LUD for his conduct towards Plaintiffs.

***Defendant Huerfano County and Defendant Jensen's policies, customs, and practices endorsing, by both official action and inaction, Defendant Bensman's routine impersonation of a peace officer animated the menacing and violence against Plaintiffs and the resulting violations of their constitutional rights.***

53. In his capacity as Chief Code Enforcement Officer, Defendant Bensman was an employee of Huerfano County but neither a "law enforcement officer" nor a "peace officer" as defined under Sections 16-2.5-101 and 24-31- 901(3), C.R.S.

54. In the scope of his employment, Defendant Bensman was issued a badge and body armor by the LUD, yet he also openly carried his personal 45-caliber long barrel Colt pistol, handcuffs, and a bandolier of bullets attached to his belt, as depicted in the photographs attached hereto as "**Exhibit 5 to Complain**t."

55. The Huerfano County Code Enforcement Policy in effect at that time did <u>not</u> officially authorize code enforcement officers to carry firearms, handcuffs, bandoliers of bullets, or use any level of physical force to carry out their code enforcement duties. *See* Ex. 2.

56. However, upon information and belief, the LUD and its Director, Defendant Jensen, were aware of and authorized or endorsed Defendant Bensman's routine practice of openly

carrying his personal firearm, handcuffs, and bandolier of bullets in the scope of his employment as Chief Code Enforcment Officer, even though he was neither a "law enforcement officer" nor a "peace officer" as defined under Sections 16-2.5-101 and 24-31- 901(3), C.R.S.

57. As reflected in the aforementioned court transcript, when Defendant Bensman was asked whether Huerfano County was aware of or authorized him to carry his personal firearm during his code enforcement duties, he stated, "When I was out in the field, *we found it necessary at times because of the people that I had to deal with*, and I was out working alone." *See* Ex. 4 at 29-30 (emphasis added).

58. Defendant Bensman openly carried his personal firearm, handcuffs, and bandolier of bullets during his code enforcement investigations and violent and menacing interactions with Plaintiffs, as set forth above, within the scope of his employment as Chief Code Enforcement Officer. *See* Ex. 4 at 29-30; Ex. 5.

59. Defendant Bensman's violent and unlawful use of force against Mr. Guerreo while openly carrying and displaying his personal firearm, handcuffs, and bandolier of bullets, and while wearing his LUD-issued Code Enforcement Officer badge and name plate, constructively constitutes impersonation of a "peace officer" in violation of C.R.S. 18-8-112, which is a class 6 felony.

60. Defendant Bensman clearly felt empowered to act beyond the powers of a code enforcement officer, and to act as a peace officer, when he violently, menacingly, and unlawfully used force against Mr. Guerrero and ignored Plaintiffs' repeated requests to leave their property as he defiantly continued his code enforcement investigations.

61. Defendant Huerfano County and Defendant Jensen's policies, customs, and practices endorsing, by both official action and inaction, Defendant Bensman's routine constructive

impersonation of a peace officer animated Defendant Bensman's menacing and violence against Plaintiffs and the resulting violations of their constitutional rights.

***Defendant Huerfano County and Defendant Jensen failed to properly train and supervise Defendant Bensman and Defendant Sandoval resulting in the violations of Plaintiffs' constitutional rights.***

62. Defendant Huerfano County's Board of Commissioners approved the Huerfano County Code Enforcement Policy that was in effect during the relevant period. *See* Ex. 2.

63. Defendant Huerfano County, through the LUD, and Defendant Jensen as Land Use Director, had a duty to properly train and supervise its employees, including Defendants Bensman and Sandoval, to perform their duties in accordance with the Huerfano County Code Enforcement Policy.

64. The Huerfano County Code Enforcement Policy in effect during the relevant period did <u>not</u> authorize code enforcement officers to carry firearms, handcuffs, bandoliers of bullets, or use any level of physical force to carry out their code enforcement duties. *See* Ex. 2.

65. Yet, Defendant Bensman openly carried and displayed his personal firearm, handcuffs, and bandolier of bullets in a menacing fashion during his code enforcement investigations and violent, unauthorized use of force against Mr. Guerrero, as set forth above. *See* Ex. 4 at 29-30; Ex. 5.

66. Additionally, the Huerfano County Code Enforcement Policy requires code enforcement staff to obtain an administrative search warrant from a County Court Judge, if the property owner refuses access or entry at any time, and access or entry is necessary for the investigation. *See* Ex. 2 at 10-11.

67. However, neither Defendant Bensman nor Defendant Sandoval had an administrative search warrant for Plaintiffs' property; both defendants completely ignored Plaintiffs' repeated

demands to leave the property; and both defendants defiantly continued their investigation on Plaintiffs' property for about one hour, in violation of the Huerfano County Code Enforcement Policy and the Fourth Amendment of the United States Constitution. *See* Ex. 2 at 10-11.

68. Defendant Huerfano County and Defendant Jensen failed to properly train and supervise Defendants Bensman and Sandoval in accordance with the Huerfano County Code Enforcement Policy, resulting in the violations of Plaintiffs' constitutional rights.

## V. STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Fourth Amendment Violation – Unlawful Search
### (Against All Defendants)

69. Plaintiffs hereby incorporate all other paragraphs of this Complaint, and the content of any and all exhibits attached hereto, as if fully set forth herein.

70. At all times relevant to the subject matter of this Complaint, the actions of Defendants as described herein, while acting under color of state and/or federal law, intentionally deprived Plaintiffs of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America and the Constitution of the State of Colorado, including their right to freedom from unlawful searches as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983, and as guaranteed by Article II § 7 of the Colorado Constitution, in that the Defendants did not have an administrative search warrant to carry out their code enforcement investigations on Plaintiffs' property and yet remained and defiantly continued their investigation on Plaintiffs' property for about one hour, even after Plaintiffs repeatedly refused Defendant Bensman's and Sandoval's access and demanded they leave Plaintiffs' property.

71. Defendants intentionally, knowingly, recklessly and improperly subjected Plaintiffs to an illegal, menacing, invasive, and unreasonable search of Plaintiffs' real property for about one hour without an administrative search warrant or Plaintiffs' permission.

72. Defendants' conduct proximately caused damages to Plaintiffs.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Failure to Train, Supervise, Investigate and Discipline (Monell)**
**(Against Defendants Huerfano County and Jensen)**

73. Plaintiffs hereby incorporate all other paragraphs of this Complaint, and the content of any and all exhibits attached hereto, as if fully set forth herein.

74. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. *Monell*, 436 U.S. at 694-95.

75. Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

76. At all times relevant, Defendant Huerfano County, the LUD, and Defendant Jensen had a duty to properly train, supervise, and discipline their employees.

77. Defendants breached that duty, in part, by:

    a. Improperly training, authorizing, encouraging or directing code enforcement staff on:

        1. The use of force in the scope of employment and furtherance of code enforcement duties;
        2. Constructive impersonation of a peace officer and use of personal firearms, handcuffs, and bandoliers of bullets in the scope of employment and furtherance of code enforcement duties; and
        3. The requirement of an administrative search warrant to investigate on a property owner's land when access or entry has been refused.

    b. Failing to investigate allegations of:

1. Unauthorized use of force in the scope of employment and furtherance of code enforcement duties;
2. Constructive impersonation of a peace officer and use of personal firearms, handcuffs, and bandoliers of bullets in the scope of employment and furtherance of code enforcement duties; and
3. Unlawful search and failure to obtain an administrative search warrant to investigate on a property owner's land when access or entry has been refused.

c. Failing to discipline code enforcement staff for violations of Huerfano County Code Enforcement Policy related to:

1. Unauthorized use of force in the scope of employment and furtherance of code enforcement duties;
2. Constructive impersonation of a peace officer and use of personal firearms, handcuffs, and bandoliers of bullets in the scope of employment and furtherance of code enforcement duties; and
3. Unlawful search and failure to obtain an administrative search warrant to investigate on a property owner's land when access or entry has been refused.

78. The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of Defendants Bensman, Sandoval, and Jensen, and the Defendant entities' failure to train, supervise, investigate, and discipline all of the code enforcement staff involved in this incident amounting in a deliberate indifference to Plaintiffs' constitutional rights.

79. This unconstitutional behavior of code enforcement staff is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiffs.

80. Defendants Huerfano County and Jensen failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the LUD.

81. The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiffs.

82. Wherefore, as a direct and proximate cause of the actions of the Defendants, Plaintiffs have suffered damages in an amount in excess of one hundred thousand dollars ($100,000.00).

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Fourth Amendment – Duty to Intervene**
**(Against Defendants Bensman, Sandoval and Jensen)**

83. Plaintiffs hereby incorporate all other paragraphs of this Complaint, and the content of any and all exhibits attached hereto, as if fully set forth herein.

84. Plaintiff brings this claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

85. Defendant Bensman's use of force against Mr. Guerrero on July 14, 2021 was unauthorized according to the Huerfano County Code Enforcement Policy.

86. Defendant Bensman's constructive impersonation of a peace officer and menacing use of personal firearms, handcuffs, and bandoliers of bullets in the scope of employment and furtherance of code enforcement duties were unauthorized according to the Huerfano County Code Enforcement Policy.

87. Defendant Bensman's unlawful search on Plaintiffs' property, without an administrative search warrant and after Plaintiffs repeatedly refused his access, were unauthorized according to the Huerfano County Code Enforcement Policy.

88. Defendants Sandoval and Jensen had a duty to intervene and protect Plaintiffs' constitutional rights but failed to do so.

89. Additionally, Defendant Sandoval's unlawful search on Plaintiffs' property, without an administrative search warrant and after Plaintiffs repeatedly refused his access, were unauthorized according to the Huerfano County Code Enforcement Policy.

90. Defendant Bensman had a duty to intervene and protect Plaintiffs' constitutional rights but failed to do so.

91. As a direct and proximate result of the actions and omissions of Defendants Bensman, Sandoval, and Jensen, Plaintiffs have suffered damages in an amount in excess of $100,000.00.

**FOURTH CLAIM FOR RELIEF**
**Intentional Torts: Assault, Battery, Intentional Infliction of Emotional Distress**
**(Against Defendants Bensman and Sandoval)**

92. Plaintiffs hereby incorporate all other paragraphs of this Complaint, and the content of any and all exhibits attached hereto, as if fully set forth herein.

93. All of the individual Defendants named in this Complaint are employees of municipalities.

94. All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

95. The actions of the individual Defendants were willful, malicious and in violation of the known rights of Plaintiff.

96. On July 14, 2021, Defendant Bensman committed assault and battery upon Mr. Guerrero when he intentionally grabbed Mr. Guerrero's arm from behind and used force to cause him pain and turn his body around so that he was facing towards Defendant Bensman.

97. On July 14, 2021, Defendant Bensman committed assault and battery upon Mr. Guerrero when he intentionally poked Mr. Guerrero's chest with his finger in a demeaning manner. Defendant Bensman assaulted and battered Mr. Guerrero only a few feet away from his wife, Mrs. DeHerrera, who witnessed the frightening encounter.

98. On July 14, 2021, Defendants Bensman and Sandoval defiantly and menacingly remained on Plaintiffs' property for about one hour, without a search warrant and ignoring

Plaintiffs repeatedly demands that they immediately leave, causing Plaintiffs severe emotional distress.

99. On August 2, 2021, Defendant Bensman committed assault and battery upon Mr. Guerrero when he intentionally stepped towards Mr. Guerrero and slammed a summons into his belly with significant force, causing him pain. Defendant Bensman assaulted and battered Mr. Guerrero just outside of his RV, only several feet away from his wife, Mrs. DeHerrera, who witnessed the frightening encounter.

100. Defendant Bensman openly carried and displayed his personal firearm, handcuffs, and bandolier of bullets in a menacing fashion during his code enforcement investigations and multiple assaults and batteries against Mr. Guerrero, causing Plaintiffs severe emotional distress.

101. Defendants Bensman's and Sandoval's conduct was intentional and done through the assertion of legal authority over Plaintiffs.

102. Defendants Bensman's and Sandoval's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiffs.

103. As a direct and proximate cause of the actions of Defendants Bensman and Sandoval, Plaintiffs have suffered damages in an amount in excess of $100,000.00.

### FIFTH CLAIM FOR RELIEF
### Negligence: Negligent Retention, Negligent Supervision, Negligent Infliction of Emotional Distress
### (Against Defendants Huerfano County and Jensen)

104. Plaintiffs hereby incorporate all other paragraphs of this Complaint, and the content of any and all exhibits attached hereto, as if fully set forth herein.

105. All of the individual Defendants named in this Complaint are employees, deputies and/or agents of municipalities.

106. All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

107. Defendants Huerfano County, the LUD, and Defendant Jensen, as Land Use Director, owed a duty of care to Plaintiffs to exercise reasonable care in retaining and supervising its employees.

108. Defendants Huerfano County, the LUD, and Defendant Jensen knew or should have known of Defendant Bensman's (1) unauthorized use of force in the scope of employment and furtherance of his code enforcement duties; (2) constructive impersonation of a peace officer and menacing use of personal firearms, handcuffs, and bandoliers of bullets in the scope of employment and furtherance of his code enforcement duties; and (3) unlawful search of Plaintiffs' property without an administrative search warrant and in defiance of Plaintiffs' repeated demands to leave their property.

109. Defendants Huerfano County, the LUD, and Defendant Jensen knew or should have known of Defendant Sandoval's unlawful search of Plaintiffs' property without an administrative search warrant and in defiance of Plaintiffs' repeated demands to leave their property.

110. Defendants Huerfano County, the LUD, and Defendant Jensen breached their duty of care to Plaintiffs by failing to properly supervise, provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Plaintiffs.

111. As a result of Defendants' negligent acts, Plaintiffs reasonably feared for their safety and have suffered severe emotional distress.

112. As a direct and proximate cause of the actions of Defendants, Plaintiffs have suffered damages in an amount in excess of $100,000.00.

**DECLARATORY RELIEF**

113. This suit involves an actual controversy within the Court's jurisdiction and the Court may declare the rights of Plaintiffs under the Constitution and laws of the United States and the laws of Colorado and grant such relief as necessary and proper. Plaintiffs seek declaratory relief on their behalf.

114. Plaintiffs seek declaratory judgment that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions described herein violate the Fourth Amendment to the U.S. Constitution and constitute an unlawful search in violation of Colorado state law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against the Defendants, and grant the following:

A. Enter a declaratory judgment on behalf of Plaintiffs that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted excessive force in violation of the Fourth Amendment and in violation of Colorado state law;

B. Enter judgment on behalf of Plaintiffs against Defendants for reasonable actual damages sufficient to compensate them for the violation of their Fourth Amendment rights and rights under Colorado state law;

C. Permanently enjoin and prohibit Defendants from interfering with Plaintiffs' constitutional rights. Specifically, to enjoin Defendants from:

    1. Retaliating against Plaintiffs or their family for bringing this lawsuit; and

2. Subjecting Plaintiffs to unlawful searches, menacing, harassment, and unlawful use of force in the future.

D. Order Defendants to pay punitive and other exemplary damages based on 42 U.S.C. § 1983 claims;

E. Order Defendants to pay Plaintiffs' attorneys' fees and costs as authorized by 42 U.S.C. §1988; pre-judgement interest and any other relief deemed necessary and proper;

F. For leave to amend Complaint to include a claim for punitive damages under state law; and

G. Grant all other and additional relief to which Plaintiffs may be entitled.

**PLAINTIFFS REQUEST A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated: June 23, 2023   By:   *s/ Taylor G. Minshall*
Taylor G. Minshall, Atty. Reg. #50478
Ethan M. Sumida, Atty. Reg. # 56515
**Attorneys for Plaintiff**
RELEVANT LAW – COLORADO SPRINGS
1311 Interquest Parkway, Suite 110
Colorado Springs, CO 80921
Phone: (719) 960-4396
E-mail: tminshall@relevantlaw.com
E-mail: esumida@relevantlaw.com
Fax Number: (719) 960-4661