# Code Enforcement Policy

## Adopted April 3, 2018
## by the Board of County Commissioners



**Exhibit 2**      **001**

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

## I.    MISSION

Code Enforcement's mission is to enhance Huerfano County's livability by ensuring and protecting the health, safety, and welfare of the County's residents and visitors.

## II.    PURPOSE

The purpose of Huerfano County's Code Enforcement Policy and Procedures Policy (hereafter "policy") is to provide guidelines for:

- The prioritization of code enforcement cases;
- Investigation of code violation complaints;
- Enforcement of County codes through voluntary compliance;
- Assessment of fines and penalties to code violators; and
- Prosecution of code violators who do not comply;
- Recovery of the County's investigation and enforcement costs.

These written guidelines are intended to assure consistency within the County's Code Enforcement program and to educate the public about Huerfano County code enforcement.

## III.    CODE ENFORCEMENT PHILOSOPHY

The County's policy is to achieve voluntary compliance with reported and discovered code violations. However, not all violations have the same degree of severity. As such, the County has established through this policy priority ranking and procedures. The intent is to allow the level of enforcement that best fits the type and circumstances of the code violation(s) within clear and objective criteria, consistent with the established priorities, and maximize available resources. It is the County's policy that code enforcement follows the priority ranking set forth in this policy.

## IV.    APPLICABILITY

A.    **General Applicability.** This policy applies to all code enforcement carried out by County employees and/or agents. Except as otherwise provided, the policies and procedures in this policy apply to all alleged code violations.

Adopted April 3, 2018
By the Board of Commissioners

Exhibit 2

Case No. 1:23-cv-01610-MDB Document 16-6 filed 06/28/23 USDC Colorado pg 3 of 22
pg 3 of 22

**B.** **New Policies and Procedures Applicable on Effective Date of Policy.** On and after the effective date of this policy and within available Code Enforcement resources, the County will undertake a number of procedures for proactive code enforcement. These procedures include:

1. Timely and regular follow-up by County staff for compliance with conditions and requirements for permits and approvals;

2. Reporting by County staff of code violations observed while conducting County business;

3. Stop Work Orders for work on property without permits or approvals;

4. Revocation of permits and approvals for failure to comply with requirements or conditions;

5. Restriction on issuance of permits on property with uncorrected code violations; and

6. Cooperation with other agencies to terminate service, to the extent authorized by law, to non-permitted uses on property.

**C.** **Non-Applicability to Covenants, Conditions and Restrictions.** Many subdivisions and planned communities are subject to private, recorded declarations and covenants. For example, they may regulate height, size or appearance of structures, or the method of storing recreational vehicles. The conditions and restrictions included in recorded declarations and covenants are generally enforceable through private legal action. The County does not enforce private declarations and covenants that are more restrictive than County regulations

**V.** **PRIORITIES FOR CODE ENFORCEMENT**

It is the County's policy to investigate and attempt to resolve all reported and discovered code violations. There may be times when code violations cannot be given the same level of attention, when some code violations may receive no attention at all, or when the County may be unable to carry out the proactive code enforcement activities outlined in this policy. In such circumstances the most serious violations, as determined through

Adopted April 3, 2018
By the Board of Commissioners
003

**Exhibit 2**

Case No. 1:23-cv-01610-MDB Document 16 filed 08/28/23 USDC Colorado pg 4 of 22
pg 4 of 22

application of the priorities and criteria in this section, will be addressed before the less serious violations are addressed, regardless of the order in which the complaints are received. However, complaints alleging both priority and non-priority violations may be processed together to maximize efficiency.

A.   **Priority Cases.**  The County has established the following priorities.

- o   Violations that present an imminent threat to public health and safety or the environment;
- o   Violations affecting storm drainage, wetlands and/or adjacent areas;
- o   Building code violations consisting of non-permitted construction or failure to obtain permits for construction;
- o   Engineering and Environmental Health permit violations including failure to obtain required permits or failure to meet conditions and requirements or permits;
- o   Land Use and Zoning violations; and
- o   Multiple complaints received on the same property.

B.   **Non-Priority Cases.** Complaints alleging code violations that do not fall within the priority rankings above may be processed in the order in which the complaints are received, and as resources allow.

Exception: At the discretion of Code Enforcement staff, complaints may be processed in any order that maximizes efficiency. Complaints concerning a particular type of code violation (e.g., occurring in a particular geographic area) may be processed together, regardless of the order in which the complaints are received.

C.   **Enforcement Levels.**  Compliance with code violations will be undertaken in the following incremental ways.

1.      Obtaining voluntary compliance.
2.      Stop work order or grace period to comply (when applicable).
3.      Permit suspend/revocation and or withholding additional permits.
4.      Citation and prosecution of infractions in County Court.
5.      Physical abatement by County employees and/or agents.

Adopted April 3, 2018
By the Board of Commissioners

**Exhibit 2**
**004**

HUERFANO COUNTY
CODE ENFORCEMENT POLICY

D.      **Criteria for Establishing Priority and Choosing Level of Enforcement.**

Code violation cases not normally listed as priority may be moved to priority status if they have one or more of the following aggravating circumstances:

1.      The actions leading to the violation(s) were deliberate;

2.      The violation causes economic harm to individuals or the County as a whole;

3.      The alleged code violator is receiving significant economic benefit from the continuing code violations;

4.      The physical size or extent of the violation is significant;

5.      The violation has existed uncorrected for a significant period;

6.      There is a previous history of complaints and code enforcement on the subject property and/or with the alleged code violator;

7.      There is community interest in the violation expressed by the receipt of multiple complaints from separate individuals or by a complaint by a citizen group;

8.      The relative benefit of code enforcement outweighs its cost (e.g. correction may be relatively quick and inexpensive to accomplish);

9.      After reasonable efforts have been made, there is little likelihood of obtaining voluntary compliance (contacted twice with no response or citizen refuses to acknowledge County authority), and

10.     The violation is flagrant and visible to the public.

VI.     **INITIATION OF CODE ENFORCEMENT**

Code Enforcement will be initiated by the following methods:

A.      **Citizen Complaints.**  Any person can make a complaint to the County alleging one or more code violations.

1.      **Complaint Form.**  A citizen may file a complaint on a County complaint form. The form is available either on-line or at the Code Enforcement Office. Forms can either be hand delivered, emailed or regular mailed back to the Code Enforcement Office. Citizens may attach a supplemental information sheet to the form provided by the County. Complaints will be prioritized according to Section V, Priorities for Code Enforcement. Contact information is as follows:

Adopted April 3, 2018
By the Board of Commissioners

Exhibit 2
005

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

Email: enforcement@huerfano.us

Phone Number: 1 (719) 738-1220, Ext. 118

Mailing: Land Use Office, 400 Main St., Suite B, Walsenburg, CO 81089

Physical Address: 400 Main St., Suite B, Walsenburg, Colorado

2.    **Anonymous Complaints.**  Anonymous complaints will be accepted, but may or may not be investigated at the discretion of the Land Use Department or designee depending on the following factors:

a.    The reliability of the complaint;

b.    Whether the complaint alleges an imminent threat to public health and safety or to the environment; and

c.    The ease or difficulty with which the complaint may be verified by County staff.

3.    **Confidentiality.** The County policy is to maintain the confidentiality of Code Enforcement complaint files and computer records, including the identity of the complainant, to the extent legally possible. In addition, the County recognizes that some complainants do not wish to have their names disclosed to the alleged code violator for fear of retaliation. However, in some cases it may be necessary for successful prosecution and enforcement for the complainant to be identified and to testify in court. Additionally, the County's Code Enforcement files are subject to state statutes governing public records and disclosure.

B.    **Observations by Code Enforcement Staff.** Code Enforcement staff shall document, in the Code Enforcement records, any potential code violations observed on property that is the subject of their current investigation. They may also document code violations observed on any property in the same vicinity as the subject property, which violations are observable from the subject property. Such violations then shall be prioritized for investigation according to this policy.

Adopted April 3, 2018
By the Board of Commissioners

**Exhibit 2**

006

HUERFANO COUNTY
CODE ENFORCEMENT POLICY

**C.** **Report by County Staff.** In many cases, County staff may be in a unique position to observe potential code violations. For example, the Building Inspector is not the only person able to observe new construction for which there is not a permit. Assessors, Sheriff's Deputies, etc. may all observe and report construction for which permits have not been issued. The County's policy is that all County staff may report to the Code Enforcement staff possible code violations they observe. Reports by County staff under this subsection shall be made on the County complaint form and shall be processed by priority ranking.

**D.** **Permit Monitoring by Enforcement Staff.** The County issues land use, environmental, Road and Bridge Department, and building permits with a variety of requirements, conditions, and timelines. For example, a land use approval may require landscaping the site by certain date, or building permits expire if construction progress and inspections are not made within certain periods. Code violations occur when these permits, approvals, or conditions are not met in a timely manner.

Planning and Code Enforcement staff shall monitor requirements, conditions and timelines associated with county-issued permits as time and resources allow.

**VII.** **RECORDING COMPLAINTS, OPENING FILES AND TIMELINES**

**A.** **Recording Complaints.**

To the extent possible, all complaints received shall be recorded in the County Code Enforcement records. Recording the complaint shall consist of assigning the complaint a case number and entering into the record the following information:

1. Case Number;
2. Complainant's name and telephone number (may be kept confidential);
3. The subject property address;
4. Type of complaint; and
5. Whether the code violation occurred in the past (e.g. construction without permit); is occurring intermittently (e.g. basketball hoops placed in public

7

Case No. 1:23-cv-01610-MDB Document 16 filed 06/28/23 USDC Colorado pg 8 of 22
pg 8 of 22

right-of-way); or is ongoing (e.g. non-permitted commercial activity in a residential zone).

**B.    Opening a File.**

After a complaint is assigned a number and recorded, a file shall be opened. The file is the official record of complaint and its investigation and resolution.  The file should contain the following:

1.    The complaint form;

2.    A map;

3.    An investigation worksheet;

4.    Information on the ownership of record of the property;

5.    The name of the staff member or County representative assigned to the case; and

6.    Photographs or other exhibits that support the complaints.

**VIII.    INVESTIGATION**

**A.    Establishing the Elements of a Violation.** Before a notice of violation is sent, it must be determined that the complaint is valid and constitutes a code violation. If it does not, the case will be closed locally and, if applicable, forwarded to the appropriate authority.

Code Enforcement staff, with the assistance of other County staff and/or legal counsel, and after any necessary field investigation, shall determine the following:

1.    Jurisdiction. The property upon which the alleged code violation has occurred is within the boundaries of the County.

2.    Zoning.  Zoning of the subject property shall be determined.

3.    Permit Status. The status of any land use, Road and Bridge and/or construction permits on the subject property shall be determined.

4.    Identification of Applicable Code Provisions. Code Enforcement staff, with the assistance of other County staff and legal counsel as necessary, shall identify the pertinent provisions of the County codes that may have been violated according to the complaint.

Adopted April 3, 2018
By the Board of Commissioners
008

Exhibit 2

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

5.  <u>Alleged Violation Occurred or is Occurring.</u>  Code Enforcement staff shall determine whether there are reasonable grounds to believe that the alleged violation did occur or is occurring. If a violation cannot be verified in a reasonable period, the case may be closed.

6.  <u>Property Ownership.</u>  All persons with a recorded legal interest in the surface of the subject property should be identified from the County records and they may include the owners, contract purchasers, lessees, and lien holders or other security interest holders.

7.  <u>Other Responsible Persons.</u>  In addition to the persons listed in #6 of this section, any other persons potentially responsible for the alleged code violation(s) shall be identified. These persons could include trespassers, tenants, land developers, and contractors.

**B.**  **<u>Assignment of Investigation and Enforcement Responsibility.</u>**  Responsibility for field investigation and code enforcement will be assigned to the available County staff member with the best expertise in that particular field.

**C.**  **<u>Field Investigation.</u>**

The purpose of field investigation is to:

1.  Verify the existence and severity of a code violation.

2.  Document code violations by means of written notes, photographs, witness interviews, etc. If a violation is visible, any investigation that establishes such violation, or confirms there is no violation, may include pictures. The report may include any measurements made and where they were made.

3.  Obtain supporting evidence, such as name and statements of potential witnesses.

4.  If possible, contact and discuss with the property owner, occupant or other responsible person:

a.  The nature of the violation(s);

b.  Methods for complying;

c.  Timelines for compliance;

d.  Enforcement procedures; and

9

Adopted April 3, 2018
By the Board of Commissioners
009

**Exhibit 2**

HUERFANO COUNTY
CODE ENFORCEMENT POLICY

      e.      Potential consequences for failure to comply.

**D.**    **<u>Preparations and Precautions.</u>** Staff shall take whatever actions are reasonable and necessary to minimize any potential risk of violent confrontation or injury to themselves or others when conducting their field investigation:

1.    <u>Law Enforcement Assistance.</u>

When appropriate, Code Enforcement staff or other assigned staff will contact the Sheriff's Office to determine if there have been criminal complaints or investigations concerning the subject property of alleged code violator, and whether, in the opinion of the Code Enforcement Officer, a field investigation might present any threat to the safety of staff, the alleged code violator, or other persons present during a field investigation. Staff may request law enforcement assistance in conducting the field investigation and may postpone such investigation until law enforcement assistance is available.

2.    <u>Announced/Unannounced Field Visits.</u>

At the discretion of Code Enforcement staff or other assigned staff, a field visit to the vicinity of the subject property may be conducted with or without prior notice to the property owner, occupant, or alleged code violator. The determination of whether or not to give prior notice shall be made on the basis of the following criteria:

a.    The nature of the alleged violation;

b.    Whether or not prior notice will make detection and documentation of the alleged violation more difficult; and

c.    Whether or not prior notice will unnecessarily increase the risk or violent confrontation or injury to staff.

3.    <u>Entering Upon Property or Premises.</u>

Code Enforcement staff may enter upon private property to conduct a field investigation without authority to enter. Code Enforcement staff may enter property

10

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

to seek permission to investigate the premises. If the property owner refuses access at any time, the investigation shall be conducted from public roads or property where permission to enter has been granted. If Code Enforcement staff are refused access or entry, and entry is necessary to conduct the investigation, staff shall consult with the County Court Judge to go about obtaining an administrative search warrant.

4. <u>Report of Field Investigation.</u>

Upon completion of the field investigation, Code Enforcement staff or other assigned staff will enter the information into the Code Enforcement database. A Notice of Violation (NOV) shall immediately be generated from the Code Enforcement database, a copy of which shall be delivered to the property owner, either in person or by Certified Mail. Such NOV shall contain the following information;

a. Name of Investigator;

b. Date, time and place of field visit;

c. Code violation(s) observed;

d. If no code violation(s) is observed, an explanation of conditions observed;

e. Witnesses, if any, interviewed;

f. Evidence obtained, if any, (photographs, measurements, etc.);

g. Documented discussions;

h. Action necessary to correct violation;

i. Recommended enforcement action and timeline; and

j. Referrals, if any, to other agencies such as social services, state agencies, etc.

IX. **ENFORCEMENT PROCEDURES**

A. **Notice of Violation**

1. Notice of Violation shall be presented to the property owner either (a) in-person for property owners who reside in Huerfano County and are present during the Field Investigation, or (b) by certified mail for property owners who reside outside of

Adopted April 3, 2018
By the Board of Commissioners
**Exhibit 2**
011

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

Huerfano County or who are not present during the Field Investigation.

2. When issuing a NOV, the Code Enforcement Official shall:

   a. State the violation in common language and cite the County code or statutory reference,

   b. Inform the owner how long they have to correct the issue before they will be charged a fine (known as the grace period),

   c. Inform the owner that the fine is $100 per day for every day the violation exists after the grace period and until the violation is ultimately corrected, and

   d. If the violation is left uncorrected after the grace period ends, the violation will be documented and a summons will be issued instructing the property owner to appear in County Court.

Adopted April 3, 2018
By the Board of Commissioners
012

**Exhibit 2**

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

B.    **Limited Time Frames.**  Listed below are some of the timelines set by this policy for resolution of complaints monitored by Code Enforcement staff.

| Type of Violation | Grace Period |
|---|---|
| Nuisances not involving a structure | 10 days* |
| Nuisances involving a structure (other than Dangerous Building) | 30 days* |
| Inoperable or vehicles without a current license | 24 hours |
| Large Vehicle or RV Parking without a permit | 24 hours |
| Vehicles for sale or used as store front in county right of way | none |
| Creation of hazard in county right of way | none |
| Working in right of way without permit (driveway or utility installation) | Stop Work Order, penalty fee |
| Repeat offense | none |

**Others as established by individual Huerfano County Code**

Building Code Violations: (including by not limited to)

| | |
|---|---|
| • Working without a permit | Stop Work Order |
| • Existing structure built without a permit | 30 days* |
| • Working without inspection or approval | Stop Work Order |

Land Use/Zoning Violations: (including but not limited to)

| | |
|---|---|
| • Violations posing an imminent threat to public health | none |
| • Violations involving a prohibited use | Stop Work Order |
| • Violations involving a conditional use without a permit | Cease & Desist |
| • Violations involving noncompliance of a condition of a CUP during construction | Stop Work Order |
| • Violations involving noncompliance of a condition of a CUP after construction | Cease & Desist |

* Upon proof of progress, the Code Enforcement Office may extend the grace period by no more than 10 additional days (see Section C.2).

Adopted April 3, 2018
By the Board of Commissioners

**Exhibit 2**

013

HUERFANO COUNTY
CODE ENFORCEMENT POLICY

**C.** **Voluntary Compliance Without Penalty.** It is the County's policy to encourage voluntary code compliance by providing responsible persons the opportunity to correct the violation with little or no penalty. Voluntary compliance generally is less expensive for all parties and of a more satisfactory and lasting nature than involuntary compliance. Violators shall enter into a written agreement that establishes a timeline for correcting the violation. Notwithstanding this policy, allowing code violators the opportunity to voluntarily comply outside reasonable time limits may actually result in delaying compliance. Therefore, it is the County's policy to limit the time frame during which code violators may come into voluntary compliance with no penalty.

1. <u>Limited Opportunities.</u> Voluntary compliance without penalty or cost recovery will not be allowed where the alleged violation is a repeat offense either on the subject property or by the code violator, or where the original violation was not corrected following prior code enforcement action.

2. <u>Time Extended by Voluntary Compliance Agreement.</u> Following issuance of a notice of violation, the deadline set by ordinance may be extended for a limited duration if the alleged violator admits the violation(s) and enters into a "Voluntary Compliance Agreement". The extended deadline shall be no more than 10 days beyond the original grace period. For any extensions beyond the 10 days approved by the Code Enforcement Officer, the property owner must appear before the Board of County Commissioners and make their request for an extension.

**D.** **Summons.**
1. <u>Voluntary Compliance.</u> Where voluntary compliance cannot be obtained within the timelines established by this policy, a summons may be issued.
2. <u>Forms.</u> All citations shall be on a County form and include documentation of continued non-compliance as recorded in IX.A.2.d.

3. <u>Setting Arraignment.</u> The date for arraignment in the summons shall be the first available Court date established by the County Court.

Adopted April 3, 2018
By the Board of Commissioners
**Exhibit 2**
014

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

4.      <u>Arraignment.</u>   The purpose of the arraignment is to:

    a.      Allow the defendant to enter a plea to the summons;

    b.      Resolve any jurisdictional issues;

    c.      Set a trial date if the plea is not guilty; and

    d.      If the plea is guilty, allow the defendant and Code Enforcement staff the opportunity to provide information to the court regarding sentencing.

**E.      Physical Abatement by County**

1.      <u>Abatement Procedure.</u>   Where voluntary compliance cannot be obtained within the timelines established by ordinance, the County may physically abate the violation following the procedures established by Article 28, Title 30, Colorado Revised Statutes.

2.      <u>Assessment of Costs.</u>   When the County finds it necessary to physically abate a violation, costs shall be assessed following the procedure established by Article 28, Title 30, Colorado Revised Statutes.

3.      <u>Physical Abatement not Exclusive.</u>   In addition to physical abatement by the County, other levels of enforcement may be initiated to achieve full compliance including liens on the property as established by Article 28, Title 30, Colorado Revised Statutes.

**X.      <u>FINES</u>**

**A.      <u>Fine</u>.**   Per Colorado Revised Statutes, 30-28-124.5 Penalties. Any person, or corporation violating any such regulation, provision, or amendment thereof is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than one hundred dollars, or by imprisonment in the county jail for not more than ten days, or by both such fine and imprisonment. Each day during which such illegal use of any building, structure, or land continues shall be deemed a separate offense.

**B.      <u>Amounts.</u>**   If the defendant is convicted, Code Enforcement staff shall request that the judge impose a fine in an amount consistent with the policy and procedures set

Adopted April 3, 2018
By the Board of Commissioners

**Exhibit 2**                                                                 **015**

forth in this policy from the end of the grace period until the ultimate date that the violation was corrected.

**C.**     **Collection and Distribution of Fines.**   All fines imposed by the court for County code enforcement shall be deposited in the County General Fund.

**D.**     **Appeals.**   Any person not satisfied with the decision of the County Court may appeal that decision by following the appellate process through the judicial system as set by Colorado Revised Statutes.

**XI.**     **RESTRICTING ISSUANCE OF PERMITS FOR PROPERTY WITH UNRESOLVED CODE VIOLATIONS**

In addition to citations and physical abatement by the County the following actions may be taken for unresolved code violations:

**A.**     **Stop Work Orders.**

It is the County's policy to increase code compliance by using stop work orders to the maximum extent allowed by law.

1.   Issuance of Stop Work Order.  The Code Enforcement Officer shall promptly issue a stop work order for those issues identified in Section IX, Enforcement Procedures, B., Limited Time Frames. If the stop work order involves a building or structure, the Building Inspector shall also be notified.

2.   Violation of Stop Work Order. If construction, installation, or land use activity continues after the issuance of a stop work order, such activity shall be reported to Law Enforcement staff for further action per criminal codes.

**B.**     **Permit Revocation.**

The Huerfano County Land Use Regulations, Section 1.06.04 and the adopted Building Codes authorize the revocation of permits or approvals for failure to comply with their requirements or conditions. It is the County's policy to maximize

Adopted April 3, 2018
By the Board of Commissioners
016

**Exhibit 2**

code compliance by revoking permits or approvals to the extent authorized by law in appropriate cases. In particular, it is the County's policy to use permit revocation in cases in which corrective action may not be effective in bringing the subject property into code compliance due to the nature of the violation and deliberateness of the code violation's actions to avoid compliance.

1. <u>Report to Code Enforcement.</u> If permit or approval follow-up reveals that the conditions or requirements of a permit or approval have not been met, Public Works, Building, Planning, or other staff shall inform Code Enforcement staff of such violation and the information shall be entered in the Code Enforcement records.

2. <u>Revocation Procedure.</u>
   Prior to revocation of a permit, staff in the appropriate division shall determine the following:
   a. Whether the criteria for permit revocation set forth in the applicable code provisions exist;
   b. The severity and deliberateness of the deviation from the permit or approval requirements or conditions; and
   c. Whether compliance can be achieved more effectively through other code enforcement methods.

**C. <u>Double-Fee Permits "Times Two Provision".</u>**

The adopted building codes allow the County to charge double the normal fee for permits issued after-the-fact for construction performed without required permits. It is the County's policy to maximize the incentives to comply with County codes by double-fees, to the extent authorized by law.

**D. <u>Restricting Acceptance or Issuance of Development Permits.</u>**

In some cases, land use applications, right-of-way permits, building permits, or other County applications or permits may not be accepted or may be denied for property upon which

Adopted April 3, 2018
By the Board of Commissioners
017

**Exhibit 2**

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

there already exist uncorrected County code violations.  In some cases, the only effective way to correct or prevent code violations may be to restrict the application for and/or issuance of development permits. This may be used when it is allowed by the governing ordinance or resolution.  The County will review its current permitting ordinances and make changes to allow for this.

**Exceptions:**   Land use, construction, and/or driveway permits, or renewals or extensions of such permits, sought in order to correct existing County code violations on the subject property, shall be issued if all criteria for issuance are met.

1.     Determination of Existing Violations.
       When land use, construction, and/or driveway permits are applied for, or renewals or when extensions of such permits are sought, County staff shall determine if there are existing code violations and the status of those violations.

2.     Applications for Permits/Approvals with Existing Code Violations.  If review of public works, building, and planning records and/or consultation with Code Enforcement staff reveals the existence of unresolved code violations on the subject property, staff shall not issue permits or approvals, renewals or extensions. Instead, staff shall promptly consult with Code Enforcement Staff to determine whether the permit or approval, or the renewal or extension, is being sought in order to correct the existing code violation(s). Staff shall also refer persons not allowed approvals or renewals or extensions under this subsection to Code Enforcement staff to discuss required corrective action.

       If the requested permit or approval, or renewal or extension is determined to be required for code compliance, the application shall be accepted, or the permit or approval issued. The permit will clearly state what must be done to bring property into compliance and include a timeline for compliance.

Adopted April 3, 2018
By the Board of Commissioners

Exhibit 2
018

HUERFANO COUNTY
CODE ENFORCEMENT POLICY

**XII.    ASSISTING ENFORCEMENT BY OTHER REGULATORY OR LICENSING AGENCIES**

In some cases, County code violations also may constitute violations of federal and/or state statutes or administrative rule.  Code Enforcement staff shall notify other agencies of known violations.

**XIII.    RESOLUTION OF CODE COMPLAINTS**

It is the County's policy to attempt to reach final, satisfactory resolutions of all code violation complaints.  Where the County determines that a code violation may not be successfully resolved within the established reasonable timelines, the file may be closed and alternative methods of enforcement may be explored.

**A.    Outstanding Cases.**

Code Enforcement shall refer cases to legal counsel to seek additional legal remedies when:

1. Code violations present an imminent threat to public health and safety or to the environment; or

2. Code violations have not been corrected within the required time period after a defendant's third citation for the same infraction(s) in County Court.

**B.    File Closure.**

A code violation complaint will be resolved by file closure in the following cases:

1. When no code violation is found after investigation;

2. When there is voluntary compliance;

3. When the property owner and/or other responsible person has been convicted of an infraction and has corrected the violation(s).

4. When investigation and prosecution of the violation(s) have been completed by a federal or state agency to which the County deferred code enforcement; or

5. When it is determined, by the Board of County Commissioners, the County Administrator or other designee that the code violations are not likely to be successfully resolved within a reasonable timeline, due to factors outside the County's control.

Adopted April 3, 2018
By the Board of Commissioners
019

**Exhibit 2**

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

**C.** **Notice of Resolution.**

Upon written request, the County will send written notice to the property owner when the complaint is resolved, describing the resolution.

**D.** **Follow-up.**

For closed cases, Code Enforcement staff will conduct a follow-up site inspection within six months after file closure to ensure the offense has not re-occurred. For low-priority cases, Code Enforcement staff will conduct a re-inspection (time and weather permitting) within six months to determine if the original offense has been remedied.

**E.** **Alternate Methods of Resolution.**

The County may explore alternate methods to resolve code violations, fines, and liens.

**XIV.** **FILE MAINTENANCE**

Code Enforcement files are the official records of the County. As such, the files and records shall be maintained pursuant to the rules of official records.

**XV.** **SAVING CLAUSE**

Should any portion of this policy be rendered ineffective by a Court of competent jurisdiction, the remaining parts shall remain in full force and effect.

**XVI.** **ADOPTION OF POLICIES**

The County may alter this policy at any time, including rectifying any portion as necessary to accommodate changes in applicable statute and/or regulations.

The policy contained herein has been adopted by the Board of County Commissioners February, 2018, consistent with the authority of the Huerfano County Board of Commissioners under C.R.S. Title 30.

Adopted April 3, 2018
By the Board of Commissioners
020

**Exhibit 2**

Case No. 23-cv-01600-MDB Document 16 Filed 06/23/23 USDC Colorado pg 21 of 22
pg 21 of 22

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

## XVII. **DEFINITIONS**

*Imminent threat to public health* means that death or serious physical harm could occur within a short period of time.

*Inoperable vehicle* means any vehicle which does not have a current license or registration, is incapable of moving or operating on its own power as originally manufactured, or is missing any component part.

*Public nuisance* means every building or part of a building including the ground upon which it is situated and all fixtures and contents thereof. Every vehicle, and any real property shall be deemed a nuisance when:

*a.* The condition of any building, structure, or land presents an imminent threat to public health; or

*b.* The condition of any building, which is unused or uninhabited because of deterioration or decay, constitutes a fire hazard, or subjects adjoining property to danger of damage by falling/blowing debris, storm, soil erosion, or rodent infestation, or which becomes a place frequented by trespassers and transients seeking a temporary shelter; or

*c.* The condition pollutes or contaminates any surface or subsurface waters in this county, or the air, or any water, substance, or material intended for human consumption; or

*d.* Any activity, operation, or condition which, after being ordered abated, corrected, or discontinued continues to operate in violation of this policy;

*e.* The condition of any building, structure or land is in a condition of disrepair and is visible to surrounding properties. Conditions of disrepair shall include junk, trash, refuse or debris and any structures which are no longer in their original or upright position or which have deteriorated due to lack of maintenance; or

*f.* Any vehicles which contain uncovered trash, junk or debris; or

*g.* Any property used for a junkyard or dumping grounds; or

*h.* Any property used for storing waste of any kind; or

*i.* The discharge of foul or noxious liquid or substances of any kind into or upon soil, ground, lot or parcel, or upon any right of way; or

*j.* Any unsecured excavations, open wells or cisterns exceeding five (5) feet in depth unless they are adequately covered with a locked lid and securely fenced with a solid fence to a height of at least five (5) feet; or

Adopted April 3, 2018
By the Board of Commissioners

**Exhibit 2**

021

# HUERFANO COUNTY
# CODE ENFORCEMENT POLICY

*k.* Any accumulation of refuse, trash, or other waste or discarded material; or

*l.* Any accumulation of human waste; or

*m.* The accumulation or discharge of any stale, putrid or stinking substance whether gas, liquid or solid.

**Public health** means the promotion and protection of the health of people and the communities where they live, learn, work and play.

Adopted April 3, 2018
By the Board of Commissioners

**Exhibit 2**

022