IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01610-MDB

SUSAN DEHERRERA and
JOSE GUERRERO,

    Plaintiffs,

v.

HUERFANO COUNTY, a municipality,
JEFF BENSMAN, in his individual capacity,
TERRY SANDOVAL, in his individual capacity, and
SAM JENSEN, in his individual capacity,

    Defendants.

## MOTION TO DISMISS AMENDED COMPLAINT

Defendants, HUERFANO COUNTY[1] and SAM JENSEN, submit the following motion to dismiss plaintiffs' amended complaint [ECF 20] for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6):

### CERTIFICATION

While the Local Rule exempts Rule 12 motions to dismiss from required conferral in advance of filing (D.C.COLO.LCivR 7.1(b), "Exceptions to the Duty to Confer"), undersigned

---

[1] In Colorado, for lawsuits against counties, it is only boards of county commissioners that can sue or be sued. *See* C.R.S. § 30-11-103, 105 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be, 'The board of county commissioners of the county of ................'"). The defense is not pursuing the failure to properly name the county at this time, however, because even if plaintiffs further amended their complaint to correctly name the Huerfano County Board of County Commissioners, amendment would be futile because the plaintiffs cannot state a plausible claim for relief against the county.

counsel reached out to confer with plaintiffs' attorney regarding the potential for agreement to dismiss or withdraw claims by agreement. Plaintiffs' attorney responded that plaintiffs anticipated withdrawing their fifth claim for relief (state law against county and Mr. Jensen), but intended to pursue their remaining claims against the county and Mr. Jensen. Plaintiffs then filed an amended complaint that withdraws their fourth and fifth claims for relief, but retains their first, second, and third claims.

## I.   INTRODUCTION

Plaintiffs assert claims under 42 U.S.C. § 1983 and C.R.S. § 13-21-131 against "Huerfano County" and Huerfano County Land Use Director Sam Jensen. Plaintiffs' claims arise out of land use investigation of code violations on their property.

In summary of this motion for the county and Mr. Jensen:

(1) Plaintiffs' claim under C.R.S. § 13-21-131 does not apply because that statute only provides for direct claims against peace officers. It is inapplicable to Mr. Jensen and the county.

(2) Mr. Jensen raises qualified immunity as to the § 1983 claims against him. Plaintiffs' allegations against him fail to show a proper basis on which to pursue him for an alleged violation of their civil rights and even if they did, clearly-established case law does not exist such that an official in his position would know his conduct would have constituted a civil rights violation.

(3) Plaintiffs' § 1983 claims against the county fail to plausibly identify a constitutional violation or a municipal policy or custom that was the moving force behind the constitutional violations alleged.

## II. STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When legal conclusions are involved in a complaint "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to [those] conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

The plaintiff must show more than a sheer possibility that a defendant acted unlawfully – it is not enough to plead facts that are "merely consistent with" a defendant's liability. *Iqbal*, 556 U.S. at 676 (quoting *Twombly*, 550 U.S. at 557). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original).

## III. FACTUAL ALLEGATIONS[2]

Plaintiff Susan DeHerrera owns an undeveloped property in Huerfano County on which plaintiffs live in a recreational vehicle. Am. Compl. ¶ 13. On July 14, 2021, former Chief Code Enforcement Officer Jeff Bensman and former Chief Building Official Terry Sandoval entered plaintiffs' property to conduct a code investigation. *Id.* ¶ 17. Bensman and Sandoval did not

---

[2] Defendants do not admit these allegations, but rather recite them for purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

have a warrant. *Id*. At the time, plaintiffs had a contractor on their property to install a pump well. *Id.* ¶ 18. DeHerrera identified herself to Bensman as the property owner, asked what he was doing on the property, and then asked them to leave. *Id.* ¶¶ 17-23. Bensman and Sandoval remained on the property. *Id.* ¶ 24. Plaintiffs' request that Bensman and Sandoval leave escalated into an altercation. *Id.* ¶¶ 26-37. On August 2, 2021, Bensman drove onto plaintiffs' property again. *Id.* ¶ 45. This time, he served plaintiff Jose Guerrero with a summons. *Id.* ¶ 45-49.

### IV.   ARGUMENT

**A.   Plaintiffs cannot state a claim under C.R.S. § 13-21-131 because the statute only applies to the deprivation of civil rights by a peace officer.**

Plaintiffs' first claim seeks relief under C.R.S. § 13-21-131 in addition to § 1983. However, C.R.S. § 13-21-131 only applies to "[a] peace officer, as defined in section 24-13-901(3), who, under color of law, subjects or causes to be subjected including failing to intervene, any other person to the deprivation of any individual rights" secured by Article II of the Colorado Constitution. § 13-21-131(1). C.R.S. § 24-31-901(3) defines "peace officer" as "any person employed by a political subdivision of the state required to be certified by the P.O.S.T. board pursuant to section 16-2.5-102, a Colorado state patrol officer as described in section 16-2.5-114, and any noncertified deputy sheriff as described in section 16-2.5-103(2)."

This definition does not encompass code enforcement or building officials. Plaintiffs do not allege that any defendant was a peace officer, and expressly acknowledge that Mr. Bensman was not a peace officer. Am. Compl. ¶ 53. Moreover, C.R.S. § 13-21-131 does not provide a cause of action against the employer of peace officer. *See Ditirro v. Sando*, 2022 COA 94, ¶ 35 ("Thus, we conclude, based on the plain language of the statute, that it grants plaintiffs who are similarly situated to Ditirro the right to assert the specified civil rights actions only against

4

individual peace officers, and not against the peace officers' employers."). The statute does not provide for a cause of action against either Mr. Jensen or Huerfano County.

**B.      Plaintiffs fail to state a plausible claim for relief under § 1983 because they cannot show that there was an underlying constitutional violation and that a municipal policy or custom was the moving force behind the alleged violation.**

In order to assert a § 1983 claim against a municipality, a plaintiff must show "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). Municipalities are not liable for the constitutional torts of their employees on a theory of *respondeat superior*; they "are only liable for constitutional violations that they caused." *Dodds v. Richardson*, 614 F.3d 1185, 1209 (10th Cir. 2010). Further, a "municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

**1.   Plaintiffs do not plausibly allege an unconstitutional search in violation of the Fourth Amendment.**

In order to state a claim for an unlawful search in violation of the Fourth Amendment, a plaintiff must identify an "unprivileged trespass on property expressly protected by the Fourth Amendment—persons, houses, papers, and effects—for the purpose of conducting a search or seizure." *United States v. Carloss*, 818 F.3d 988, 992 n.2 (10th Cir. 2016) (internal quotation marks omitted). However, "when the police come on to private property to conduct an investigation ... and restrict their movements to places visitors could be expected to go (e.g., walkways, driveways, porches), observations made from such vantage points are not covered by the Fourth Amendment." *United States v. Hatfield*, 333 F.3d 1189, 1194 (10th Cir. 2003) (citing

5

1 Wayne R. LaFave, Search & Seizure: A Treatise on the Fourth Amendment § 2.3(f), at 506–08 (3d ed. 1996)).

Here, plaintiffs allege that Mr. Bensman and Mr. Sandoval drove onto their property when they were able to see contractors working at a well site. Am. Compl. ¶¶ 18-21. Plaintiffs further allege that Mr. Bensman approached one of the contractors to ask if he had a license within the county. *Id.* ¶ 25. Plaintiffs make no other allegations to indicate that Mr. Bensman or Mr. Sandoval intended to or did conduct an investigation. Their amended complaint indicates that the presence of the contractors was visible from outside their property. That Mr. Bensman and Mr. Sandoval made observations from an area in which visitors could be expected to go does not constitute a Fourth Amendment violation.

In *Artes-Roy v. City of Aspen*, the Tenth Circuit held that no Fourth Amendment violation occurred when the city's chief building inspector entered the plaintiff's home without consent in order to stop workmen from continuing work that he believed violated a stop work order. 31 F.3d 958 (10th Cir. 1994). The chief building inspector's intent in entering the home was to talk to the workmen, advise them of the stop work order, and issue citations if they continued work. *Id.* at 962. The Tenth Circuit further held that even if the entry was a Fourth Amendment violation, it was a de minimis violation and therefore not an actionable constitutional wrong. *Id.* at 963.

The circumstances alleged here are similar. Plaintiffs allege that Mr. Bensman and Mr. Sandoval entered the property with the belief that a code violation was occurring. Am. Compl. ¶¶ 25, 36, 39. Plaintiffs allege Mr. Sandoval stated he had received a complaint. *Id.* ¶ 36. Even if their presence on plaintiff's property and brief interaction with plaintiffs and the contractors could be considered a search under the Fourth Amendment, any violation was *de minimis*.

6

Because plaintiffs have not plausibly alleged a Fourth Amendment violation, they cannot state a municipal liability claim against the county or Mr. Jensen. *Hinton*, 997 F.2d at 782.

   2. **Plaintiffs do not plausibly allege a county policy or custom was the moving force behind the alleged Fourth Amendment violation.**

Plaintiffs assert two claims against the county under § 1983.[3] The first is a general claim for unlawful search in violation of the Fourth Amendment. Because a municipality cannot be liable for the constitutional torts of its employees under a theory of *respondeat superior*, plaintiffs' first claim for relief is not viable against the county. *Dodds*, 614 F.3d at 1209.

Plaintiffs' second claim is a § 1983 *Monell* claim for failure to train, supervise, investigate, and discipline. To show failure to train, a plaintiff must demonstrate that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," that it amounts to deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). It is not enough to allege that a particular officer's training was inadequate. *Id.* Further, evidence that an incident "could have been avoided if an officer had had better or more training" does not establish municipal liability. *Id.* at 391.

Here, plaintiffs allege a single instance of an unconstitutional search. While "the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training… is the 'moving force' behind the plaintiff's injury," plaintiffs here do not allege a pattern of unconstitutional searches by county employees. *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 408 (1997). The amended complaint does not adequately allege a failure to train *Monell* claim.

---

[3] "Huerfano County" is not a properly named defendant. *See* note 1. In Colorado, counties can only be sued through their boards of county commissioners.

7

Municipal liability can arise from ratification of unconstitutional conduct by an employee by a final policymaker. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation marks and citation omitted) A failure to discipline an employee, however, does not amount to ratification. *See Bryson*, 627 F.3d at 790 ("[A] municipality will not be found liable under a ratification theory unless a final decisionmaker ratifies an employee's specific unconstitutional actions, as well as the basis for these actions."). Failure to discipline in one specific instance is not "an adequate basis for municipal liability under *Monell*." *Butler v. City of Norman*, 992 F.2d 1053, 1056 (10th Cir. 1993). Plaintiffs do not allege facts in support of their contention that the county failed to discipline Mr. Bensman or Mr. Sandoval. In fact, they allege that the county terminated Mr. Bensman. Am. Compl. ¶ 52. The amended complaint contains only the conclusory assertion that Mr. Sandoval was not disciplined. Plaintiffs do not allege that a final policymaker for the county ratified either Mr. Bensman or Mr. Sandoval's conduct.

C. **Mr. Jensen requests qualified immunity on the § 1983 claims because he did not violate plaintiffs' constitutional rights and no clearly established case law would inform an official in his position that his conduct would violate plaintiffs' constitutional rights.**

Qualified immunity "shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). In evaluating whether the defendant violated a constitutional right, the court conducts a two-pronged test asking whether "(1) the defendant violated [the plaintiff's] constitutional or statutory rights and (2) [whether] the right was clearly established at the time of the alleged unlawful activity." *Castillo v. Day*, 790 F.3d 1013, 1019 (10th Cir. 2015).

A right is clearly established "when a Supreme Court or Tenth Circuit decision is on

point, or if the clearly established weight of authority from other courts shows that the right must be as [the] plaintiff maintains." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1197-98 (10th Cir. 2010). It must be "be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012). If the plaintiff fails to satisfy either prong, the defendant is entitled to qualified immunity. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016).

Plaintiffs' first § 1983 claim against Mr. Jensen is for an unlawful search in violation of the Fourth Amendment. This claim is not viable because not only do plaintiffs fail to plausibly allege any Fourth Amendment violation, they also fail to allege any personal involvement by Mr. Jensen. "Individual liability under Section(s) 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997). Plaintiffs cannot assert a § 1983 claim for unlawful search against Mr. Jensen when they do not allege that he was on their property on either date in question.

Plaintiffs' second § 1983 claim against Mr. Jensen is for failure to intervene. A failure to intervene claim under § 1983 is only permitted "where a plaintiff's allegations involve a use of excessive force." *Handy v. Meyer*, No. 11–cv–00644–WYD–KMT, 2011 WL 7478990, * 12 (D. Colo. Dec. 30, 2011); citing *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir.2008); *Mick v. Brewer,* 76 F.3d 1127, 1136 (10th Cir.1996); *see also Lynch v. Barrett,* 09–cv–00405–JLK–MEH, 2010 WL 3938357 (D. Colo. Jun. 9, 2010) ("The failure to intervene theory is clearly derivative of an excessive force claim; if a plaintiff did not suffer excessive force, there can be no failure to intervene claim. The Tenth Circuit appears to denominate a failure to intervene theory as a variety of a 1983 excessive force claim.").

9

Plaintiffs do not bring a § 1983 claim for excessive force, thus precluding a failure to intervene claim against Mr. Jensen. Moreover, even if plaintiffs could plausibly state such a claim, they do not allege that Mr. Jensen had any opportunity to prevent the harm alleged. *See Vondrak v. City of Las Cruces,* 535 F.3d 1198, 1210 (10th Cir. 2008) (defendant officer "must have had a realistic opportunity to intervene to prevent harm from occurring."). Plaintiffs do not allege that Mr. Jensen was present at their property at any time or that he had any personal knowledge of Mr. Bensman or Mr. Sandoval's alleged actions. These allegations do not support any realistic opportunity for Mr. Jensen to intervene.

Because the amended complaint does not plausibly allege any personal involvement by Mr. Jensen, and because no clearly established law exists to suggest that the complaint allegations can support a § 1983 claim against Mr. Jensen for violations of plaintiffs' Fourth Amendment rights either directly or for failing to intervene, he requests qualified immunity.

### V.   CONCLUSION

Plaintiffs' § 1983 claims against the county and Mr. Jensen are not viable as they fail to adequately allege an underlying constitutional deprivation. Plaintiffs further fail to plausibly identify a failure to train or supervise constituting a municipal policy or custom that is the moving force behind the constitutional violation alleged. Plaintiffs' failure to intervene claim against Mr. Jensen likewise fails because they do not allege Mr. Jensen had any meaningful opportunity to intervene in the alleged constitutional deprivations. Huerfano County and Mr. Jensen accordingly ask that the claims against them be dismissed.

Respectfully submitted,


By s/*Leslie L. Schluter*
  Leslie L. Schluter
  Sophia A. N. Fernald
  DAGNER | SCHLUTER | WERBER LLC
  8400 East Prentice, Suite 1401
  Greenwood Village, CO 80111
  Telephone: (303) 221-4661
  Fax: (303) 221-4594
  E-mail:  lschluter@lawincolorado.com
  E-mail:  sfernald@lawincolorado.com

ATTORNEYS FOR DEFENDANTS
HUERFANO COUNTY
SAM JENSEN


## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 24, 2023, I electronically filed the foregoing **MOTION TO DISMISS AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Taylor G. Minshall, Esq.
Ethan M. Sumida, Esq.
RELEVANT LAW – COLORADO SPRINGS
tminshall@relevantlaw.com
esumida@relevantlaw.com

Matthew J. Hegarty, Esq.
Hall & Evans, L.L.C.
hegartym@hallevans.com

William T. O'Connell III, Esq.
Wells, Anderson & Race, LLC
woconnell@warllc.com

s/*Marisa Showalter*
Paralegal

11