IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01610-DDD-MDB

SUSAN DEHERRERA and
JOSE GUERRERO,

      Plaintiffs,

v.

HUERFANO COUNTY, a municipality,
JEFF BENSMAN, in his individual capacity,
TERRY SANDOVAL, in his individual capacity, and
SAM JENSEN, in his individual capacity;

      Defendants.

---

**DECLARATION OF JEFFREY BENSMAN IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT FROM DEFENDANT JEFFREY BENSMAN**

---

I, Jeffrey Bensman, being duly sworn and in accordance with the requirements
of 28 U.S.C. § 1746, under penalty of perjury, hereby declare::

1. This Declaration is based on my personal knowledge and perceptions,
including my generation of a ten-minute and thirty-five second video from a body-
worn camera recorder ("BWC") I used to video-record my entire visit to the Property
and encounter with Plaintiffs Susan DeHerrera and Jose Guerrero on July 13, 2021.

2. On July 13, 2021, I was the chief Code Enforcement Officer for Huerfano
County, Colorado ("County").

3. My code enforcement activities within the County were purely complaint-
based, whether from citizens or from County officials.

4.    When I inspected properties in the County, I carried my own personal pistol, because I often responded to inspection requests alone and involving property owners who potentially posed a physical threat to me.

5.    On July 13, 2021, as was my custom when I conducted inspections on real property in the County, I carried this pistol onto the SW 1/4 of Section 14, Township 28 South, Range 67 West, of the 6th Principal Meridian in Huerfano County, CO, which I understood Ms. DeHerrera to own and Ms. DeHerrera and Mr. Guerrero to make their residence ("Property"), and I also wore my County-issued bulletproof vest.

6.    County Environmental Health Director personnel Robin Sykes asked me Defendant to visit the Property in connection with a potential code violation.

7.    On July 13, 2021, I drove up to the Property, which I knew to be zoned agricultural, via La Deora Boulevard, an access road owned not by Plaintiffs, but by the Rio Cucharas Ranches of Colorado Subdivision recorded in the County.

8.    From La Deora Boulevard, before entering the Property that day, I had an unobstructed view of all activities then occurring on the Property.

9.    From La Deora Boulevard, before entering the Property that day, I saw Water Works Plus ("WWP") personnel installing a "pipeline".

10.    From La Deora Boulevard, before entering the Property that day, I clearly saw a "big blue container" near the "pipeline" installation site.

11.    From La Deora Boulevard, before entering the Property that day, I clearly saw two trucks with WWP livery, including a 20-foot-long Ford F-450 truck (I know

its length based on my personal experience owning a substantially similar truck and on my personal observation that day) with a crane doing the "pipeline" installation.

12. Based on my experience, the top of the crane appeared to be at least 35-40 feet off the ground.

13. From La Deora Boulevard, before entering the Property that day, I clearly saw the entire Property.

14. In July 2021, I was charged with upholding and applying the County's Code Enforcement Policy.

15. On July 13, 2021, I followed County Building Inspector Terry Sandoval onto the Property—both of us drove our own separate trucks onto the Property.

16. I entered the Property driving north-to-south about 00:55 into my BWC video, as can be seen given the overhead telephone poles and wires visible via my truck's windshield.

17. These poles and wires roughly paralleled the Property's northern border.

18. No physical barrier prohibited my entrance onto the Property.

19. Ms. DeHerrera and Mr. Guerrero lived on the Property in a non-self-propelled camping trailer.

20. The fifth wheel did not have a fence or enclosure in its immediate vicinity.

21. I parked on the Property 01:11 into my BWC video and exited my truck.

22. I then approached Mr. Sandoval's pickup truck.

23. Guerrero stated, "Get off our property now."

24. Guerrero did not have any ownership interest in the Property in 2021.

3

25.  Instead, DeHerrera co-owned it with her family during 2021.

26.  Guerrero stated, "Susan, report these assholes here."

27.  As I tried speaking with a male WWP employee about whether WWP was licensed to operate in the County, Guerrero walked between me and the WWP employee and gave me a forearm shove while stating, "Don't push me, man," which I found curious because he was the one who attempted to muscle me out of the way.

28.  I again asked the WWP employee whether WWP had a license to operate in the County, and the employee indicated he did not have it but would have to call his boss about it.

29.  The following exchange then occurred:

GUERRERO: You know, every time I'm gonna see you, I'm gonna kick your ass, buddy.
BENSMAN: You just --
GUERRERO: Guaranteed.
BENSMAN: -- threatened an officer of the Court.
GUERRERO: Yeah.
BENSMAN: You're going to jail.
GUERRERO: You know what? Fuck you.
BENSMAN: You're going to jail.

30.  I then returned to my truck to deposit my pistol and came back without it.

31.  While returning to the WWP trucks, I passed the "big blue container" he'd observed before entering the Property, which I learned a little bit later was a cistern going into a trench Guerrero had excavated with a backhoe, and I also saw the backhoe being stored on the Property.

32.  Near the cistern, I also saw another vehicle, another camping trailer, a storage trailer, and several piles of junk.

33.  I radioed the County Sheriff's Office for potential sheriff's deputy response, and spoke on the WWP employee's phone about the nature of WWP's work with "Fred" (who it was my impression was at least the male employee's boss and likely in WWP management), who advised WWP was installing the cistern and a pipeline.

34.  Not until more than halfway into this less-than-ten-minute encounter did DeHerrera demand that I vacate the Property.

35.  Mr. Sandoval and I then received confirmation that WWP apparently did have a license to operate within the County.

36.  While on the Property, I refrained from coming within at least 40 feet, *i.e.* two lengths of that 20-foot-long Ford F-450 truck with the crane, of the specific spot of pipeline installation, nor did I get close enough to look into the installation trench.

37.  The specific spot where the pipeline was being installed was at least 40 feet, *i.e.* two lengths of that 20-foot-long Ford F-450 truck with the crane on it, from the closest corner of Plaintiffs' fifth wheel.

38.  While present on the Property, I never used my body to touch Guerrero on the chest, or anyplace on his body for that matter except once on his right arm.

39.  Mr. Sandoval and I then jointly decided to leave the Property, and I radioed the Sheriff's Office again to cancel the sheriff's deputy's response.

40.  I walked back to my truck 09:43 into my BWC video, began reentering my truck 9:54 into the video, completed reentry 10:00 into the video, began driving away from the Property 10:06 into the video, exited the Property about 10:22 into the video, and turned off my BWC 10:35 into the video.

41. My BWC recorded continuously for the entire 10:35 of the BWC video runtime, and I refrained from turning off my BWC while I was physically present on the Property.

I understand that the statements written in this Declaration are given under penalty of perjury. All of the foregoing statements are true and correct to the best of my knowledge. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this _____ day of March, 2025, and executed that same day.

_____
Jeffrey Bensman

41. My BWC recorded continuously for the entire 10:35 of the BWC video runtime, and I refrained from turning off my BWC while I was physically present on the Property.

I understand that the statements written in this Declaration are given under penalty of perjury. All of the foregoing statements are true and correct to the best of my knowledge. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this _18th_ day of March, 2025, and executed that same day.

Jeffrey Bensman