IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01610-DDD-MDB

SUSAN DEHERRERA; and
JOSE GUERRERO,

    Plaintiffs,

v.

HUERFANO COUNTY, a municipality;
JEFF BENSMAN, in his individual capacity;
TERRY SANDOVAL, in his individual capacity; and
SAM JENSEN, in his individual capacity,

    Defendants.

---

**MOTION TO EXCEED WORD LIMITATION FOR FORTHCOMING RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT FROM DEFENDANT JEFF BENSMAN**

---

Defendant Jeff Bensman ("Defendant"), by and through counsel, Hall & Evans, L.L.C., and under DDD Civ. P.S. III(A)(5) and related authorities, submits this Motion to Exceed Word Limitation for Forthcoming Response to Plaintiffs' Motion for Summary Judgment, and respectfully seeks up to and including a word limit of 6,500 words for his forthcoming Response under Fed.R.Civ.P. 56, stating as follows:

**D.C.COLO.LCivR 7.1(a):** Undersigned counsel conferred with Plaintiffs' counsel on this Motion. Plaintiffs' counsel advised Plaintiffs take no position in relation to the relief sought.

1

# I.  DISCUSSION

1. Pursuant to DDD Civ. P.S. III(A)(5), this Unopposed Motion is filed no fewer than three business days before the date on which Defendant's responsive pleading is due.

2. Plaintiffs' sole remaining claim against Defendant, pursuant to 42 U.S.C. § 1983, alleges Defendant, as a Huerfano County code enforcement officer, conducted an unlawful search at the subject property in violation of the Fourth Amendment of the United States Constitution, when he visited the property with regard to a potential code violation taking place there.

3. Defendant's response to Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Motion") presently is due on April 11, 2025.

4. This Court's Practice Standards limit responses to Rule 56 motions to 5,500 words, but permit the responding party to seek an enlargement. DDD Civ. P.S. III.A.2, III.A.5. Defendant seeks to exceed the limit by 1,000 words, for a Response not to exceed 6,500 words in total, in relation to those components of such a Response which would be subject to the word count.

5. This request should be granted for three reasons.

6. **First**, Defendant's forthcoming Response will both address Plaintiffs' merits arguments under Fed.R.Civ.P. 56 and provide Defendant's extensive factual and legal reactions to those arguments. Though Plaintiffs assert qualified immunity does not shield Defendant, they have not – as Defendant will explain – sufficiently shown the relevant law in the Tenth Circuit or United States Supreme Court was

clearly established at the time of Defendant's actions. Moreover, though Plaintiffs assert and apply various factual allegations to federal law in an attempt to show Defendant conducted an unlawful search, Defendant's own undisputed facts (and unaltered video footage directly contradicting material points of Plaintiffs' narrative) are extensive. Even if concisely presented, fully addressing Plaintiffs arguments will require analysis easily surpassing the Court's 5,500-word limit for Rule 56 responses.

7. **Second**, while only one claim remains against Defendant, Plaintiffs assert multiple theories within that claim involving various doctrines relating to the Fourth Amendment such as "curtilage", "open fields", and "effects". Each doctrine requires a related but different, and careful, analysis of the facts and application to federal law. Defendant has no control over Plaintiffs asserting multiple theories against him. As such, Defendant respectfully requires sufficient space to articulate the multiple bases supporting his forthcoming Response to Plaintiffs' Motion.

8. **Third**, each party group to this action has filed its or their own Motion for Summary Judgment, which includes a total of twenty-six exhibits, some voluminous [ECF 68-1 to 68-8; 70-1 to 70-8; 72-1 to 72-7; 74-1 to 74-3] and producing multiple theories of the case for the Court to consider and analyze prior to trial. Allowing Defendant additional space to lay out his full legal reasoning now will save significant judicial and government resources by obviating the need for further litigation in this matter, especially considering the possibility that the Court could rule in Defendant's favor on his own Rule 56 motion.

3

9. Thus, Defendant respectfully requests that the Court enter an order permitting him to file a Response to Plaintiffs' Motion for Summary Judgment not to exceed 6,500 words.

## II. CONCLUSION

In conclusion, for the foregoing reasons, Defendant Jeff Bensman seeks from the Court an Order: permitting him to file a Response to Plaintiffs' Motion for Summary Judgment not to exceed 6,500 words; and entering all other and further relief which the Court deems just and proper.

Dated and respectfully submitted this 8th day of April, 2025.

*s/ Matthew J. Hegarty*
Matthew J. Hegarty
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
T: 303-628-3300
F: 303-628-3368
hegartym@hallevans.com
**ATTORNEYS FOR DEFENDANT JEFF BENSMAN**

**CERTIFICATE OF SERVICE [CM/ECF]**

I hereby certify, on April 8, 2025, I electronically filed the foregoing **MOTION TO EXCEED WORD LIMITATION FOR FORTHCOMING RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using CM/ECF system which will send notification of such filing to the following email addresses:

Taylor G. Minshall
Tanner W. Havens
RELEVANT LAW – COLO. SPRINGS
tminshall@relevantlaw.com
thavens@relevantlaw.com
***Attorney for Plaintiffs***

Leslie L. Schluter
DAGNER | SCHLUTER | WERBER LLC
lschluter@lawincolorado.com
***Attorneys for Defendants Huerfano County and Sam Jensen***

William T. O'Connell III
THOMPSON, COE, COUSINS & IRONS LLP
woconnell@thompsoncoe.com
***Attorneys for Defendant Terry Sandoval***

*s/ Erica Cameron*
Erica Cameron, Legal Assistant