IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01610-DDD-MDB

**SUSAN DEHERRERA**; AND
**JOSE GUERRERO**

Plaintiffs,

v.

**HUERFANO COUNTY**, A MUNICIPALITY;
**JEFF BENSMAN**, IN HIS INDIVIDUAL CAPACITY;
**TERRY SANDOVAL**, IN HIS INDIVIDUAL CAPACITY; AND
**SAM JENSEN**, IN HIS INDIVIDUAL CAPACITY,

Defendants.

---

**RESPONSE TO DEFENDANT TERRY SANDOVAL'S MOTION FOR SUMMARY JUDGEMENT**

---

Plaintiffs, Susan DeHerrera and Jose Guerrero, by and through counsel, respond to Defendant Terry Sandoval's Motion for Summary Judgement [Doc. No. 68] as follows:

**INTRODUCTION**

Defendant Sandoval's Motion for Summary judgement fails because disputed issues of material fact exist as to whether his intrusion onto Plaintiff's property and near their home violated the Fourth Amendment. The "open fields" doctrine does not apply to the area surrounding Plaintiffs' home, which constitutes curtilage under the governing law. Plaintiffs further dispute Defendant Sandoval's characterization of the encounter as brief and non-intrusive. Further, qualified immunity does not shield Defendant Sandoval because the unlawfulness of warrantless physical intrusions into the curtilage of a home was clearly established at the time of the incident.

1

### RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

2. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

3. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

4. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

5. Plaintiffs agree that this fact is undisputed for the purpose of this motion to the extent that there is no formal supervisory relationship or formal reporting obligations.

6. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

7. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

8. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

9. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

10. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

11. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

12. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

13. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

14. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

15. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

16. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

17. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

18. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

19. Plaintiffs agree that Plaintiff Guerrero told Defendants Sandoval and Bensman that they were not welcome and to leave the property.

20. Plaintiffs agree that Plaintiff Guerrero told Defendant Sandoval to leave the property.

21. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

22. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

23. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

24. Plaintiffs agree that this fact is undisputed for the purpose of this motion.

25. Plaintiffs disagree that this fact is undisputed. Exhibit E to Defendant Sandoval's Motion for Summary Judgement [Doc. 68] speaks for itself. Plaintiffs contend that Defendant Sandoval "approached" Plaintiffs' home numerous times the incident giving rise to this case as the entire interaction took place within a collection of vehicles and structures that were right next to Plaintiffs' home. *See also* Ex. 1 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶9; Ex. 2 to Plaintiffs' Motion for Summary Judgement at ¶9; Ex. 3 to Plaintiff's Motion for Summary Judgement [Doc. 72]; Ex. 5 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at 1-2; Ex. 6 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at 1-2.  Plaintiffs also contend that the intrusion into Plaintiffs' curtilage was not "short" but was rather approximately ten minutes long. Ex. E to Defendant Sandoval's Motion for Summary Judgement [Doc. 68].

26. Plaintiffs disagree that this fact is undisputed. Although Plaintiff DeHerrera "didn't think [Defendant Sandoval] would enter - - [she] didn't know what they were going to do, but [she] didn't think it would be an issue." Exhibit C to Defendant Sandoval's Motion for Summary Judgement [Doc. 68] 170:19-21.

27. Plaintiffs agree that this fact is undisputed for the purposes of this motion.

28. Plaintiffs disagree that this fact is undisputed. Exhibit E to Defendant Sandoval's Motion for Summary Judgement [Doc. 68] speaks for itself. A reasonable juror could conclude

3

that Defendant Sandoval's demeanor and tone of voice, as well as the demeanor and tone of voice of Defendant Sandoval and Bensman could be interpreted as a threat to use physical force.

29. Plaintiffs agree that this fact is undisputed for the purposes of this motion.
30. Plaintiffs agree that this fact is undisputed for the purposes of this motion.

### STATEMENT OF ADDITIONAL DISPUTED MATERIAL FACTS

Plaintiffs incorporate by reference all the facts contained in their Statement of Undisputed Material Facts from their Motion for Summary Judgement. Plaintiffs assume that Defendant Sandoval disputes some or all these facts. Plaintiffs' highlight the following facts:

1. Plaintiffs' home was just several feet from the excavated water well site which was the location of the incident on July 13, 2021. Ex. 1 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶9; Ex. 2 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶9; Ex. 3 to Plaintiff's Motion for Summary Judgement [Doc. 72]; Ex. 5 to Plaintiffs' Motion for Summary Judgement at 1-2; Ex. 6 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at 1-2.

2. Although not connected via a pipe to Plaintiffs' home, Plaintiffs' used the water well and water pump as their primary source of water. Ex. 1 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶¶6, 8; Ex. 2 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶¶6, 8; Ex. 3 to Plaintiffs' Motion for Summary Judgement [Doc. 72]; Ex. 4 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at 1-2; Ex. 5 to Plaintiffs' Motion

4

for Summary Judgement; Ex. 6 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at 2-8.

3. Defendant Sandoval parked his truck just a few feet away from the excavated water well site. Ex. 1 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶13; Ex. 2 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶13; Exhibit 3 to Plaintiffs' Motion for Summary Judgement [Doc. 72]; Exhibit 4 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶ 5; Ex. 6 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at 1-3.

4. Defendant Sandoval exited their vehicles and approached within a few feet of the excavated water well site. Ex. 1 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶15; Ex. 2 to Plaintiffs' Motion for Summary Judgment [Doc. 72] at ¶15; Ex. 3 to Plaintiff's Motion for Summary Judgement [Doc. 72]; Ex. 5 to Plaintiffs' Motion for Summary Judgement [Doc. 72]; Ex. 6 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at 1-8.

5. Plaintiffs did not invite Defendant Sandoval onto their property and demanded that Defendant Sandoval leave. Ex. 1 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶16; Ex. 2 to Plaintiffs' Motion for Summary Judgement [Doc. 72] at ¶16; Ex. 3 to Plaintiffs' Motion for Summary Judgment [Doc. 72]; Ex. 5 to Plaintiffs' Motion for Summary Judgement [Doc. 72].

6. Defendant Sandoval did not leave the area of the excavated water well site when Plaintiffs demanded. Ex. 3 to Plaintiffs' Motion for Summary Judgement [Doc. 72]; Ex. 5 to Plaintiffs' Motion for Summary Judgement [Doc. 72].

7. Huerfano County's written code enforcement policy stated that code enforcement officers must obtain administrative warrants to enter property where they have been denied access, without limitation. Ex. 2 to Plaintiff's Amended Complaint and Jury Demand [Doc. 20].

**ARGUMENT**

Summary judgement is inappropriate where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputed facts must be viewed in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014). "A factual dispute is 'genuine' and summary judgement is precluded if the evidence presented in support of an opposition to the motion is so contradictory that, if presented at trial, a judgement could enter for either party." *Bragg v. Southwest Health System, Inc.*, 487 F.Supp.3d 1028, 1032 (D. Colo. 2020).

Defendant Sandoval claims that he is entitled to summary judgement (and qualified immunity) because he did not search the curtilage of the home, because there was no clearly established right violated, and because the intrusion was *de minimus*. Defendant Sandoval also claims that he is entailed to summary judgement on Plaintiffs' punitive damages claim because "there is no evidence that he acted with malice, evil intent or motive, or knew that his actions were unconstitutional," Defendant Sandoval's Motion for Summary Judgement at 12. The Court should deny Defendant Sandoval's Motion for Summary Judgement on both grounds.

Plaintiffs' incorporate their Motion for Summary Judgement and the legal arguments and citations therein to this response as many of the arguments directly overlap.

I. **DEFENDANT SANDOVAL IS NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE HE DID VIOLATE PLAINTIFFS' CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS.**

Here, there are cross-motions for summary judgement. It is not in dispute that Defendant Sandoval entered Plaintiffs' property. What is in dispute is whether that property was an "open field" or within the curtilage of Plaintiffs' home. Plaintiff believes that the undisputed evidence clearly shows that the property was within the curtilage. However, to the extent that there is a factual dispute that the Court finds could go either way, the Court should deny Defendant Sandoval's Motion for Summary Judgement.

### a. Plaintiffs had a constitutional right to be free from unreasonable searches of their curtilage.

Defendant Sandoval's argument rests on his contention that the water well excavation site, and therefore the location that he entered and searched, was not within the curtilage of Plaintiffs' home. Defendant Sandoval's Motion for Summary Judgement at 8-11. Defendant Sandoval is wrong. For the reasons described here, this was firmly within the curtilage of Plaintiffs' home and not an "open field."

Curtilage is "the area immediately surrounding and associated with the home" and is "part of the home itself for Fourth Amendment purposes." *Florida v. Jardines*, 569 U.S. 1, 6 (2013) (quoting *Oliver v. United States*, 466 U.S. 170, 180 (1984). To the contrary, "open fields" – the "unoccupied or undeveloped area outside of the curtilage" are not protected. *United States v. Dunn*, 480 U.S. 294, 304 (1987).

When the government intrudes on the curtilage, that is a search. *Id.* at 11. In determining if an area is curtilage, relevant factors include "the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." *United States v. Dunn*, 480 U.S. 294, 301 (1987).

Here, the *Dunn* factors weigh clearly in support of the water well excavation site being within the curtilage of Plaintiffs' home.

  i.  *Proximity of the water well site to the home.*

This factor strongly supports the water well site being within the curtilage. The water well site was located on a large, 160-acre undeveloped parcel of property designated for agricultural use. Despite being located on such a large and otherwise undeveloped piece of property, the water well site was located approximately 20 feet from Plaintiffs' residence. Akin to an island of civilization in a vast ocean, Plaintiffs' home was an island within a large prairie. In this context, the water well site sat virtually as close as possible to Plaintiffs' residence. This is not like a home with some distant out-building or shed. To the contrary, the water well site was in "an area adjacent to the home 'and to which the activity of home life extends.'" *Jardines*, 569 U.S. at 7 (quoting *Oliver*, 466 U.S. at 182).

  ii.  *Whether the area is included within an enclosure surrounding the home.*

Although there was no enclosure surrounding the water well site, there was no enclosure surrounding any part of Plaintiffs' home so this factor gives little insight into the question of

8

curtilage. This is not a property with a clearly demarcated fence separating the home and its yard from the rest of the property.

    *iii.*    *The nature of the uses to which the water well site is put.*

This factor weighs heavily in support of the water well site being in the curtilage. "The protection afforded the curtilage is essentially a protection of families and personal privacy in an area intimately linked to the home, both physically and psychologically, where privacy expectations are most heighted." *California v. Ciraolo*, 476 U.S. 207, 212-13 (1986).

For Plaintiffs', the water well site was an intimate part of their daily household living. Plaintiffs did not have any other water piped to their home. This water well was their only source of water, possibly the most important of life's necessities. This was not a water well used for a non-domestic purpose, perhaps to water crops or provide water for livestock. It was a water well that was directly next to the home and used by the home.

    *iv.*    *The steps taken by the Plaintiffs to protect the area from observation.*

Although there was not a privacy fence, Plaintiffs clearly took steps to protect their home and its surrounding from observation. Within their property, Plaintiffs chose to situate their home and the water well site over two hundred feet from the nearest public roadway. The water well itself was buried underground and only visible from the road because it was in the process of excavation. As discussed at length in Plaintiff's Motion for Summary Judgement, Plaintiffs' took significant steps to protect the well from observation.

9

**b. This constitutional right was clearly established at the time of the search.**

To overcome a claim of qualified immunity, Plaintiffs must also show that the constitutional right was clearly established. A constitutional right is clearly established that specific conduct violates a constitutional right when Tenth Circuit or Supreme Court precedent would make it clear to every reasonable [governmental official] that such conduct is prohibited." *Perea v. Baca*, 817 F.3d 1198, 1204 (10th Cir. 2016).

Like the use of force by a law enforcement officer, whether an area searched is within a home's curtilage is an individualized and fact specific question, "there will almost never be a previously published opinion involving exactly the same circumstances." *Casey v. City of Federal Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007). The analysis is not "a scavenger hunt for prior cases with precisely the same facts" and is instead an "inquiry of whether the law put officials on fair notice that the described conduct was unconstitutional." *Id*; *See also Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Ci. 2021).

The question of whether the warrantless search of the curtilage of the home is unconstitutional has been clearly established by the United States Supreme Court for at least thirty years. *See United States v. Dunn*, 480 U.S. 294 (1987). Any reasonable government official tasked with entering onto private property to conduct governmental investigations would know that this right was clearly established. *See Hester v. United States*, 265 U.S. 57, 59 (1924) (observing that the distinction between a person's house and open fields "is as old as the common law.").

Here, a reasonable person in Defendant Sandoval's position would clearly know that it was clearly established law that entering Plaintiff's curtilage for a search was unconstitutional. Because

10

Plaintiffs' have shown that Defendant Sandoval's entry into the well site was an entry onto Plaintiffs' curtilage, and that Plaintiffs' had a a clearly established constitutional right to be free from such a search, Defendants' Motion for Summary Judgement must be denied.

### c. The intrusion was not *de minimis* and in any extent that exception does not apply under these circumstances.

Defendant argues that an intrusion of 10 minutes, even if it was to the curtilage of the home, was *de minimis* and therefore not actionable. Defendant is wrong. Defendant cites to *Artes-Roy v. City of Aspen*, 31 F.3d 958, 962-63 (10th Cir. 1994) in support. In *Artes-Roy*, a building inspector was "one step inside the door" and had "already seen what they considered violations of the stop work order, from outside the premises." *Id.* at 962. Here, like in *Mimics v. Village of Angel Fire*, 394 F.3d 836 (10th Cir. 2005), this was not a situation where previous communications or a stop-work order had been issued. To the contrary, Defendant Bensman was simply investigating the work that was being done and investigating a complaint. Exhibit 1 to Plaintiff's Motion for Summary Judgement at ¶¶4, 12; Exhibit 2 to Plaintiffs' Motion for Summary Judgement at ¶¶4,12; Exhibit 3 to Plaintiffs' Motion for Summary Judgement; Exhibit 4 to Plaintiffs' Motion for Summary Judgement; Exhibit 4 to Plaintiffs' Motion for Summary Judgement; Exhibit 6 to Plaintiffs' Motion for Summary Judgement at 1-3. Further, unlike in *Artes-Roy*, this was not a brief entry. Defendant Sandoval and Defendant Bensman barged their way into the curtilage of Plaintiffs' home to investigate a complaint and remained there for approximately ten minutes. This is simply not the sort of brief and unintrusive violation discussed in *Artes-Roy*.

## II. DEFENDANT SANDOVAL IS NOT ENTITLED TO SUMMARY JUDGEMENT ON PLAINTIFFS' PUNITIVE DAMAGES CLAIM.

Defendant Sandoval moves for summary judgement on Plaintiffs' punitive damages claim because Plaintiff cannot show that he "acted with malice, evil intent or motive, or knew that his actions were unconstitutional." Defendant Sandoval's motion should be denied. At a minimum, a reasonable juror could find, taking the evidence in the light most favorable to Plaintiffs', that Defendant Sandoval knew he was or was recklessly indifferent about whether he was violating Plaintiffs' constitutional rights because he was violating Huerfano County's code enforcement policy which stated that code enforcement officers must obtain administrative warrants to enter property where they have been denied access. Ex. 2 to Plaintiff's Amended Complaint and Jury Demand [Doc. 20]. There is a factual dispute about whether Defendant Sandoval knew he was violating Plaintiffs' constitutional rights and therefore this issue is not appropriate for summary judgement.

## CONCLUSION

Because the search of Plaintiffs' property was a search of the curtilage of Plaintiffs' home, because that search violated Plaintiffs' clearly established constitutional rights, and because there is a factual dispute about whether or not Defendant Sandoval knew what he was doing violated Plaintiffs' constitutional rights, the Court should deny Defendant Sandoval's motion for summary judgement.

Dated: April 25, 2025.

12

/s *Jason M Kosloski*
Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiffs DeHerrera and Guerrero*

I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in Judge Domenico's Practice Standard III(A)(2).

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025, the foregoing **RESPONSE TO DEFENDANT TERRY SANDOVAL'S MOTION FOR SUMMARY JUDGEMENT** was filed using the CM/ECF e-filing system, which sends notice to the following:

    Leslie L. Schluter
    DAGNER | SCHLUTER | WERBER LLC
    lschluter@lawincolorado.com
    *Attorney for Defendants Huerfano County and Sam Jensen*

    William T. O'Connell III
    THOMPSON, COE, COUSINS & IRONS LLP
    woconnell@thompsoncoe.com
    *Attorney for Defendant Terry Sandoval*

    Matthew J. Hegarty
    HALL & EVANS, L.L.C.
    hegartym@hallevans.com
    *Attorney for Defendant Jeffrey Bensman*

/s/ Jason Kosloski
Jason Kosloski