IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01610-DDD-MDB

SUSAN DEHERRERA, and
JOSE GUERRERO,

    Plaintiffs,

v.

HUERFANO COUNTY, a municipality,
JEFF BENSMAN, in his individual capacity,
TERRY SANDOVAL, in his individual capacity,
SAM JENSEN, in his individual capacity

    Defendants.

---

**DEFENDANT TERRY SANDOVAL'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

Defendant Terry Sandoval, by and through counsel, submits this Reply to Plaintiffs' Response to Defendant Sandoval's Motion for Summary Judgment ("Response") filed May 23, 2025 [Doc. No. 98].

**REPLY CONCERNING UNDISPUTED FACTS**

25. It is undisputed that Plaintiff Susan DeHerrera testified that Mr. Sandoval never approached Plaintiffs' RV (home). *See* Mr. Sandoval's Motion for Summary Judgment, Exhibit C, 169:19 – 22. The exhibits cited do not support Plaintiffs' denial of Paragraph 25 of Mr. Sandoval's Statement of Undisputed Material Facts ("SUMF") or Plaintiffs' contention that Mr. Sandoval "approached" Plaintiffs' home "numerous times."

26. Plaintiff Susan DeHerrera's deposition testimony speaks for itself.

28.     It is undisputed that Plaintiff Susan DeHerrera testified that Mr. Sandoval never threatened to use any physical force on her or Plaintiff Jose Guerrero. *See* Mr. Sandoval's Motion for Summary Judgment, Exhibit C, 164:16 - 18.  The exhibits cited do not support Plaintiffs' denial of Paragraph 28 of Mr. Sandoval's SUMF or Plaintiffs' contention that a "reasonable juror could conclude that Defendant Sandoval's demeanor and tone of voice…could be interpreted as a threat to use physical force."

## RESPONSE CONCERNING DISPUTED FACTS

1.      Disputed. The wellsite was approximately twenty feet or more from Plaintiffs' RV (home). *See* Mr. Sandoval's Motion for Summary Judgment, Exhibit C, 191:19 – 25.[1]

2.      Undisputed to the best of Mr. Sandoval's knowledge.

3.      Disputed. Mr. Sandoval parked his County vehicle near the end of the dirt pile, approximately twenty feet from the wellsite. *See* Mr. Sandoval's Motion for Summary Judgment, Exhibit A, ¶ 6, Exhibit C, 177:24 – 178:9.

4.      Disputed. Mr. Sandoval did not approach within a few feet of the excavated water well site. Mr. Sandoval spoke to the Water Works Plus ("WWP") employees near the end of the dirt pile in close proximity to his parked County vehicle. *See* Mr. Sandoval's Motion for Summary Judgment, Statement of Undisputed Material Facts ¶ 23, Exhibit E, 06:30 – 06:45.

5.      Undisputed.

---

[1]     Paragraph 9 of Plaintiff Susan DeHerrera's Declaration, attached as Exhibit 1 to Plaintiffs' Motion for Summary Judgment, asserts that the RV was located "several feet" from the wellsite. This assertion directly contradicts Ms. DeHerrera's deposition testimony regarding the distance from the wellsite to Plaintiffs' RV. This contradiction and others are addressed in Defendants' Motion to Strike Parts of Plaintiffs' Summary Judgment Declarations as Sham Affidavits.

2

6. Undisputed.

7. Undisputed that Exhibit 2 to Plaintiffs' Amended Complaint at page 11 states in pertinent part "If Code Enforcement staff are refused access or entry, and entry is necessary to conduct the investigation, staff shall consult with the County Court Judge to go about obtaining an administrative search warrant." Mr. Sandoval was the County's Chief Building Inspector and not a member of Code Enforcement staff at the time of the incident that serves as the basis of Plaintiffs' Complaint.

**ARGUMENT**

**I. MR. SANDOVAL IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE HE DID NOT VIOLATE PLAINTIFFS' CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS**

    **A.** <u>**Constitutional Violation - Fourth Amendment: Unlawful Search**</u>

Plaintiffs argue that the four factors identified in *United States v. Dunn*, 480 U.S. 294, 301 (1987) "weigh clearly in support of the water well excavation site being within the curtilage of Plaintiffs' home." (Response, p. 8). The *Dunn* factors have been extensively analyzed in Mr. Sandoval's Motion for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment. Mr. Sandoval's analysis, adopted and incorporated herein, demonstrates that he conducted ordinary visual surveillance from open fields and never intruded into the curtilage or private areas during his approximate ten-minute visit to the property. Certain arguments regarding the *Dunn* factors offered in Plaintiffs' Response are addressed below.

    **a.** **The proximity of the area claimed to be curtilage to the home**

Plaintiffs' reliance on *Florida v. Jardines*, 569 U.S. 1 (2013) does not support their argument that this factor "supports the water well site being within the curtilage." (Response, p.

8). *Jardines* involved the use of a drug sniffing dog on a homeowner's front porch. The Court noted that the front porch constituted curtilage because it is the "classic exemplar of an area adjacent to the home and 'to which the activity of home life extends.'" *Id*. at 9. The wellsite at issue in this case is not akin in any respect to the front porch in *Jardines* and certainly not within the curtilage of Plaintiffs' RV.

    **b.**    **Whether the area is included within an enclosure surrounding the home**

Because this factor does not support their argument, Plaintiffs vaguely contend that this factor "gives little insight into the question of curtilage" (Response, pp. 8 – 9).

    **c.**    **The nature of the uses to which the area is put**

Plaintiffs' reliance on *California v. Ciraolo*, 476 U.S. 207, 212 - 213 (1986) does not support their argument that this factor "weighs heavily in support of the water well site being in the curtilage." (Response, p. 9). Unlike Plaintiffs' wellsite, the property at issue in *Ciraolo* was immediately adjacent to a suburban home, surrounded by high double fences. *Id*. at 213.

    **d.**    **The steps taken by the resident to protect the area from observation by people passing by**

Plaintiffs' vague and unsupported argument that they took "significant steps to protect the well from observation" is belied by the evidence. *See* Mr. Sandoval's Motion for Summary Judgment, Statement of Undisputed Material Facts ¶¶ 9 – 16.

    **B.**    **Clearly Established**

While Mr. Sandoval acknowledges that Plaintiffs are not required to identify a prior case with identical facts, it is well established that the unconstitutionality of a particular defendant's specific alleged violation of a plaintiff's asserted right "must be sufficiently clear 'that every reasonable official would [have understood] that what he is doing violates that right.'" *Reichle v.*

*Howards*, 566 U.S. 658, 664 (2012)(nested internal quotation marks omitted)(quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Plaintiffs' reliance on the generalized notion that the "question of whether the warrantless search of the curtilage of the home in unconstitutional has been clearly established by the United States Supreme Court for at least thirty years" fails to demonstrate that every reasonable official in Mr. Sandoval's position would have known that his conduct on July 13, 2021, under the circumstances he faced on that date, was unconstitutional. *See* Mr. Sandoval's Motion for Summary Judgment, p. 11. Indeed, the novel factual scenario presented by this case should be viewed as "an important indication" that Mr. Sandoval's conduct "did not violate a 'clearly established' right." *See White v. Pauly,* 137 S. Ct. 548, 552 (2017).

### C.   De minimis violation

Mr. Sandoval did not cite *Artes-Roy v. City of Aspen*, 31 F.3d 958, 962-63 (10th Cir. 1994) because the facts of that case are similar to the facts of this case. Rather, *Artes-Roy* was cited for the compilation of cases at 962 – 963 holding that an alleged constitutional violation was de minimis.

Plaintiffs' attempt to analogize the facts of this case to *Mimics v. Village of Angel Fire*, 394 F.3d 836 (10th Cir. 2005) is baseless. In *Mimics*, the municipal building inspector (Hasford) entered a building owned by the plaintiffs through a back door, after working hours, without permission, and without announcing his presence. *Id*. at 839 – 840. After one of the plaintiffs confronted Hasford, he left the building. *Id*. at 840. A few weeks later, Hasford again entered the building unannounced and without permission or a warrant. *Id*. Here, Mr. Sandoval's brief visit to Plaintiffs' property is not remotely comparable to the building inspector's conduct in *Mimics*.

## II.  MR. SANDOVAL IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' PUNITIVE DAMAGES CLAIM

Plaintiffs maintain that a jury could find that Mr. Sandoval "knew he was or was recklessly indifferent about whether he was violating Plaintiffs' constitutional rights because he was violating Huerfano County's code enforcement policy which stated that code enforcement officers must obtain warrants to enter property where they have been denied access." (Response, p. 12). Mr. Sandoval was the County's Chief Building Inspector and not a member of Code Enforcement staff at the time of the incident that serves as the basis of Plaintiffs' Complaint. Accordingly, the Code Enforcement Policy is irrelevant to Mr. Sandoval's conduct on July 13, 2021. In sum, there is no evidence that Mr. Sandoval acted with malice, evil intent or motive, or knew that his actions were unconstitutional, which they were not for the reasons described in Mr. Sandoval's Motion for Summary Judgment, his Response to Plaintiffs' Motion for Summary Judgment and this Reply.

## CONCLUSION

For the reasons described above and in Mr. Sandoval's Motion for Summary Judgment, this Court should enter summary judgment in favor of Defendant Terry Sandoval and dismiss Plaintiffs' Amended Complaint and Jury Demand against him with prejudice.

Dated this 6th day of June 2025.

>Respectfully submitted,
>
>*s/ William T. O'Connell, III*
>William T. O'Connell, III
>Thompson, Coe, Cousins & Irons, LLP
>1700 Broadway, Suite 900
>Denver, CO 80290
>T: 303-830-1212
>Email: woconnell@thompsoncoe.com
>
>**ATTORNEY FOR DEFENDANT**
>**TERRY SANDOVAL**
>
>I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2025, a true and correct copy of the above and foregoing **DEFENDANT TERRY SANDOVAL'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jason M. Kosloski, Esq.
Kosloski Law PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
jkosloski@kosloskilaw.com
***ATTORNEYS FOR PLAINTIFFS***

Matthew J. Hegarty, Esq.
Hall & Evans, LLC
1001 17th Street, Ste. 300
Denver, CO 80202
hagartym@hallevans.com
***ATTORNEYS FOR DEFENDANT***
***JEFFREY BENSMAN***

Leslie L. Schluter, Esq.
Dagner Schluter Werber LLC
8400 East Prentice, Suite 1401
Greenwood Village, CO 80111
lschluter@lawincolorado.com
***ATTORNEYS FOR DEFENDANTS***
***HUERFANO COUNTY AND SAM JENSEN***

                                    *s/ Barbara McCall*
                                    Barbara McCall, Legal Assistant