IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01610-DDD-MDB

SUSAN DEHERRERA; and
JOSE GUERRERO,

      Plaintiffs,

v.

HUERFANO COUNTY, a municipality;
JEFF BENSMAN, in his individual capacity;
TERRY SANDOVAL, in his individual capacity; and
SAM JENSEN, in his individual capacity,

      Defendants.

---

### MOTION TO STRIKE PARTS OF PLAINTIFFS' SUMMARY JUDGMENT DECLARATIONS AS SHAM AFFIDAVITS FROM DEFENDANTS

---

Defendants Huerfano County ("County"), Sam Jensen, Terry Sandoval, and Jeff Bensman (together "Defendants"), via their respective counsel, Hall & Evans, L.L.C., and pursuant to Fed.R.Civ.P. 56, ***Franks v. Nimmo***, 796 F.2d 1230 (10th Cir. 1986), and related authorities, jointly submit their Motion to Strike Parts of Plaintiffs' Summary Judgment Declarations As Sham Affidavits, and respectfully request the Court strike and disregard those paragraphs of Plaintiffs' summary judgment declarations set forth in more detail below, stating as follows:

**D.C.COLO.LCivR 7.1(a):** Defense counsel conferred with Plaintiffs' counsel on this Motion. Plaintiffs' counsel advised Plaintiffs oppose the relief sought.

1

## I. INTRODUCTION

In support of their efforts to oppose the Motions for Summary Judgment from all Defendants and to support their own Cross-Motion for Summary Judgment, both Plaintiffs filed Declarations as exhibits to their own summary judgment motion. [*See* ECF 72-1, 72-2]. However, these declarations in part contain contradictions, arguable inconsistencies with Plaintiff's sworn deposition testimony, definite inconsistencies with objective video evidence statements of speculation or hearsay with no factual support, averments of mere understanding or belief, and conclusions of law, ultimate facts, arguments, or inferences. As set forth below, all such statements aren't admissible regarding, and can't be considered by the Court for, the parties' Motions for Summary Judgment, so all such statements must be stricken from the record.

## II. STATEMENT OF RELEVANT FACTS

*DeHerrera:* In Plaintiff DeHerrera's deposition, she admitted to the following:

- She didn't know how far Mr. Sandoval and Mr. Bensman parked from the water pump installation site [Tr. DeHerrera Dep., relevant portions attached as **Ex. A**, at 9-10, 177:24-178:02];

- She didn't know how close Defendant Sandoval got to Plaintiffs' water pump installation site [**Ex. A** at 8, 170:8-15];

- Plaintiffs' water pump installation site was "about 20 feet or more from our RV" [**Ex. A** at 11, 191:19-25];

- Mr. Bensman and Mr. Sandoval visited the Property on July 13, 2021 [**Ex. A** at 3-4, 68:12-69:7]; and

2

- She viewed Mr. Bensman's ten-minute-and-thirty-five-second bodycam video "at least two times" before her deposition [**Ex. A** at 5-7, 74:20-76:6].

However, in her summary judgment declaration, Plaintiff DeHerrera states:

- Mr. Bensman and Mr. Sandoval visited the Property on July 14, 2021 [ECF 72-1 ¶¶ 2, 3, 4, 8, 9, 11, 12, 22, 23, 24];

- "At all times relevant, the water well and water pump were installed beneath the ground and neither visible nor available to the public" [ECF 72-1 ¶ 6];

- Plaintiffs' trailer "in which my husband and I resided was located several feet from the excavated water well site" [ECF 72-1 ¶¶ 9, 19];

- Mr. Sandoval parked his white truck "just a few feet away from the excavated water well site" on the Property [ECF 72-1 ¶ 13];

- Mr. Bensman and Mr. Sandoval "approached within a few feet of the excavated water well site" on the Property [ECF 72-1 ¶ 15]; and

- Mr. Bensman and Mr. Sandoval "walked near the edge" of the excavated water well site [ECF 72-1 ¶ 18].

And her summary judgment declaration relays belief, speculation, understanding, ultimate fact, argument, or inference rather than personal affirmative knowledge:

- An averment she "understood" the Huerfano County code enforcement policy in effect in, and on the County's website during, July 2021 [ECF 72-1 ¶ 22]; and

- An averment as to what she "understood" the aforesaid Huerfano County code enforcement policy to require in July 2021 [ECF 72-1 ¶ 23].

3

*Guerrero:* In Plaintiff Guerrero's deposition, he admitted to the following:

- He agreed Bensman almost came within 20 feet of Plaintiffs' camping trailer [Tr. Guerrero Dep., relevant portions attached as **Ex. B**, at 8-9, 107:24-108:6];

- The events at issue in Plaintiffs' sole remaining claim occurred on July 13, 2021 [**Ex. B** at 4 (12:8-11), 5 (13:1-5), 6-7 (64:21-65:23)]; and

- He viewed Mr. Bensman's ten-minute-and-thirty-five-second bodycam video at least two times before his deposition [**Ex. B** at 3, 10:12-21].

However, in his summary judgment declaration, Plaintiff Guerrero states:

- Mr. Bensman and Mr. Sandoval visited the Property on July 14, 2021 [ECF 72-2 ¶¶ 2, 3, 4, 8, 9, 11, 12, 22, 23, 24];

- "At all times relevant, the water well and water pump were installed beneath the ground and neither visible nor available to the public" [ECF 72-2 ¶ 6];

- Plaintiffs' trailer "in which my wife and I resided was located several feet from the excavated water well site" [ECF 72-2 ¶¶ 9, 19];

- Mr. Sandoval parked his white truck "just a few feet away from the excavated water well site" on the Property [ECF 72-2 ¶ 13];

- Mr. Bensman and Mr. Sandoval "approached within a few feet of the excavated water well site" on the Property [ECF 72-2 ¶ 15]; and

- Mr. Bensman and Mr. Sandoval "walked near the edge" of the excavated water well site [ECF 72-2 ¶ 18].

And his summary judgment declaration relays belief, speculation, understanding, ultimate fact, argument, or inference rather than personal affirmative knowledge:

4

- An averment he "understood" the Huerfano County code enforcement policy in effect in, and on the County's website during, July 2021 [ECF 72-2, ¶ 22]; and

- An averment as to what he "understood" the aforesaid Huerfano County code enforcement policy to require in July 2021 [ECF 72-2, ¶ 23].

### III.  STANDARD OF REVIEW

"[T]he utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony." ***Franks***, 796 F.2d at 1237. To this end, courts disregard a declaration in conflict with the declarant's prior sworn statements when they conclude it constitutes an attempt to create a sham fact issue. ***Id.***; *see* ***Burns v. Bd. of Cnty. Comm'rs***, 330 F.3d 1275, 1282 (10th Cir. 2003). Three factors are relevant to whether a sham fact issue exists: was the declarant cross-examined during her earlier testimony, did the declarant have access to pertinent evidence at the time of her earlier testimony, and did the earlier testimony reflects confusion the declaration attempts to explain. ***Franks***, 796 F.3d at 1237; ***Lantec, Inc. v. Novell, Inc.***, 306 F.3d 1003, 1016 (10th Cir. 2002) (affirming district court's striking of affidavit opposing motion for summary judgment); ***Ralston v. Smith & Nephew Richards, Inc.***, 275 F.3d 965, 973 (10th Cir. 2001) (same).

An affidavit or declaration should be stricken where it doesn't reference earlier contrary statements and the earlier testimony was unequivocal. ***Franks***, 796 F.3d at 1237; ***Rios v. Bigler***, 67 F.3d 1543, 1552 (10th Cir. 1995). Further, the Court properly strikes an affidavit or declaration if the affiant or declarant "arguably contradicted"

5

their deposition testimony. ***Mitchael v. Intracorp, Inc.***, 179 F.3d 847, 854-55 (10th Cir. 1999). And the Court doesn't err in excluding portions of an affidavit or declaration so inconsistent with other record evidence that no reasonable juror could have possibly relied on them to return a verdict for the plaintiff. ***Tellez v. City of Belen***, 560 F. App'x 812, 816-17 (10th Cir. 2014).

Further, affidavits or declarations containing speculation or hearsay with no factual support, and statements in an affidavit or declaration prefaced by the phrases "I believe" or "upon information and belief" or those made upon an "understanding," are properly subject to a motion to strike. ***Tavery v. U.S.***, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994); ***Carey v. Beans***, 500 F. Supp. 580, 583 (E.D. Pa. 1980); see ***Aludo v. Denver Area Council***, 2008 U.S. Dist. LEXIS 51797, *4-9 (D. Colo. July 8, 2008) (citing ***Tavery*** and ***Carey*** and striking portions of affidavits violating the rule). And affidavits containing conclusions of law, ultimate facts, arguments, or inferences should be stricken too. ***Aludo***, 2008 U.S. Dist. LEXIS 51797, *5. This is because an affidavit opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).

Finally, affidavits or declarations blatantly contradicted by objective video evidence must be both disregarded and ignored as an attempt to create a sham fact issue. *See* ***Scott v. Harris***, 550 U.S. 372, 380-81 (2007) (when determining whether there is genuine dispute of material fact, court may ignore testimonial evidence when it is "blatantly contradicted" or "utterly discredited" by video evidence in record). In

this regard, ***Franks***' "sham affidavit" rule has been applied in conjunction with ***Scott*** by at least one federal district court to a Fourth Amendment claim to strike the affidavit or declaration of the plaintiff, and to grant summary judgment for the public entity or employee. *See **Gabaldon v. N.M. State Police***, 2024 U.S. Dist. LEXIS 111945, at *2-14 (D.N.M. June 25, 2024); *see also **Tellez***, 560 F. App'x at 816-17.

## IV. ARGUMENT

Regarding the ***Franks*** factors, there is no dispute that: (1) Plaintiffs were represented by counsel and cross-examined extensively by defense counsel at their depositions, and their counsel possessed but waived the opportunity to rehabilitate their testimony at their depositions; (2) Plaintiffs had access to all evidence pertinent to the purported statements in their declarations at the time of their depositions; and (3) Plaintiff's deposition transcripts do not reflect confusion their declarations try to explain, but rather either explain their version of events in great detail or confirm their lack of knowledge regarding certain key details. *See **Franks***, 796 F.3d at 1237.

*DeHerrera:* The following statements in the DeHerrera declaration of arguable or blatant contradiction, either with her deposition testimony or with objective video evidence currently in the summary judgment record, must be stricken as "sham affidavit" futile attempts to create a factual dispute on summary judgment:

- Her statements speculating how close Mr. Sandoval and Mr. Bensman parked to the water pump installation site, when at her deposition she admitted she didn't know, and both Mr. Bensman's bodycam video and her own cell phone video clearly show more than one 20-foot truck length between Plaintiffs' camping trailer and the

7

water pump installation site, and about two 20-foot truck lengths between the water pump installation site and where Mr. Sandoval parked his truck (with Mr. Bensman parking his truck <u>behind</u> Mr. Sandoval's even farther away from the installation site) [*compare* ECF 72-1 ¶ 13, *with* **Ex. A** at 9-10, ECF 70-1, *and* ECF 70-7];

- Her statements speculating how close Mr. Bensman ambulated to the water pump installation site, when at her deposition she admitted the distance of 20 feet which she was approximating was how close Plaintiffs' camping trailer was to the water pump installation site, and both of the aforementioned videos clearly show more than one 20-foot truck length between the water pump installation site and the closest Mr. Bensman ever ambulated towards the water pump installation site [*compare* ECF 72-1 ¶¶ 15, 18, *with* **Ex. A** at 8, ECF 70-1, *and* ECF 70-7];

- Her statements speculating how close Mr. Sandoval ambulated to the water pump installation site, when at her deposition she admitted she didn't know [*compare* ECF 72-1 ¶¶ 15, 18, *with* **Ex. A** at 8];

- Her statements speculating how close Plaintiffs' camping trailer was to the water pump installation site, when at her deposition she admitted the distance was at least 20 feet [*compare* ECF 72-1 ¶¶ 9, 19, *with* **Ex. A** at 11];

- Her statements alleging she and Guerrero at all times kept the water well and water pump installed beneath the ground and neither visible nor available to the public, when Mr. Bensman can be clearly heard on his bodycam video describing his visual observation, from the public road of La Deora Boulevard, of Plaintiffs installing a pipeline [*compare* ECF 72-1 ¶ 6, *with* ECF 70-1]; and

8

- Her recollection the date Mr. Bensman and Mr. Sandoval visited the Property was July 14, 2021, when at her deposition she admitted the visit was on July 13, 2021 [*compare* ECF 72-1 ¶¶ 2, 3, 4, 8, 9, 11, 12, 22, 23, 24, *with* **Ex. A** at 3-4].

And Plaintiff DeHerrera's attempts in ¶¶ 22, 23 of her declaration to set forth statements of belief, speculation, understanding, ultimate fact, argument, or inference likewise must be stricken. *See **Tavery***, 32 F.3d at 1426 n.4; ***Carey***, 500 F. Supp. at 583; *see also **Aludo***, 2008 U.S. Dist. LEXIS 51797, at *4-9.

*Guerrero:* The following statements in the Guerrero declaration of arguable or blatant contradiction, either with his deposition testimony or with objective video evidence currently in the summary judgment record, must be stricken as "sham affidavit" attempts to create a factual dispute on summary judgment:

- His statements speculating how close Mr. Sandoval and Mr. Bensman parked to the water pump installation site, when both Mr. Bensman's bodycam video and DeHerrera's own cell phone video clearly show more than one 20-foot truck length between Plaintiffs' camping trailer and the water pump installation site, and about two 20-foot truck lengths between the water pump installation site and where Mr. Sandoval parked his truck (and Mr. Bensman parked his truck <u>behind</u> Mr. Sandoval) [*compare* ECF 72-2 ¶ 13, *with* ECF 70-1, *and* ECF 70-7];

- His statements speculating how close Mr. Bensman ambulated to the water pump installation site, when at his deposition he admitted Bensman did not come within at least 20 feet of Plaintiffs' camping trailer, and both of the aforementioned videos clearly show more than one 20-foot truck length between the water pump

9

installation site and the closest Mr. Bensman ever ambulated towards the water pump installation site [*compare* ECF 72-2 ¶¶ 15, 18, *with* **Ex. B** at 8-9, ECF 70-1, *and* ECF 70-7];

- His statements speculating how close Mr. Sandoval ambulated to the water pump installation site, when both of the aforementioned videos clearly show more than one 20-foot truck length between the water pump installation site and the closest Mr. Sandoval ever ambulated towards the water pump installation site [*compare* ECF 72-2 ¶¶ 15, 18, *with* ECF 70-1, *and* ECF 70-7];

- His statements speculating how close Plaintiffs' camping trailer was to the water pump installation site, when both of the aforementioned videos clearly show more than one 20-foot truck length between Plaintiffs' camping trailer and the water pump installation site [*compare* ECF 72-2 ¶¶ 9, 19, *with* ECF 70-1, *and* ECF 70-7];

- His statements alleging he and DeHerrera at all times kept the water well and water pump installed beneath the ground and neither visible nor available to the public, when Mr. Bensman can be clearly heard on his bodycam video describing his visual observation, from the public road of La Deora Boulevard, of Plaintiffs installing a pipeline [*compare* ECF 72-2 ¶ 6, *with* ECF 70-1]; and

- His recollection the date Mr. Bensman and Mr. Sandoval visited the Property was July 14, 2021, when at his deposition he admitted the visit was on July 13, 2021 [*compare* ECF 72-2 ¶¶ 2, 3, 4, 8, 9, 11, 12, 22, 23, 24, *with* **Ex. B** at 4-7].

And Plaintiff Guerrero's attempts in ¶¶ 22, 23 of his declaration to set forth statements of belief, speculation, understanding, ultimate fact, argument, or

10

inference likewise must be stricken. *See **Tavery***, 32 F.3d at 1426 n.4; ***Carey***, 500 F. Supp. at 583; *see also **Aludo***, 2008 U.S. Dist. LEXIS 51797, at *4-9.

## V. CONCLUSION

In conclusion, for the foregoing reasons, Defendants Huerfano County, Sam Jensen, Terry Sandoval, and Jeff Bensman seek from the Court as part of its determination of the parties' Motions for Summary Judgment an Order: (1) striking all portions of Plaintiffs' summary judgment declarations directly or arguably inconsistent with their deposition testimony or objective video evidence in the record on summary judgment, as specified in detail above, as an impermissible attempt to create a sham fact issue on summary judgment; (2) striking all portions of Plaintiffs' summary judgment declarations containing speculation or vague estimates with no factual support in the record; (3) striking all portions of Plaintiffs' summary judgment declarations averring "I believe" or those made upon an understanding or awareness; (4) striking all portions of Plaintiffs' summary judgment declarations containing conclusions of law, ultimate facts, arguments, or inferences; and (5) entering all other and further relief which the Court deems just and proper.

Dated and respectfully submitted this 6th day of June, 2025.

*s/ Matthew J. Hegarty*
Matthew J. Hegarty
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
T: 303-628-3300
F: 303-628-3368
hegartym@hallevans.com
**ATTORNEYS FOR DEFENDANT JEFF BENSMAN**

*s/ William T. O'Connell III*
William T. O'Connell III
THOMPSON, COE, COUSINS & IRONS LLP
1700 Broadway, Suite 900
Denver, CO 80290
T: 303-830-1212
woconnell@thompsoncoe.com
**ATTORNEYS FOR DEFENDANT TERRY SANDOVAL**

*s/ Leslie L. Schluter*
Leslie L. Schluter
DAGNER | SCHLUTER | WERBER LLC
8400 E. Prentice Ave., Suite 1401
Greenwood Village, CO 80111
T: 303-221-4661
F: 303-221-4594
lschluter@lawincolorado.com
**ATTORNEYS FOR DEFENDANTS HUERFANO COUNTY AND SAM JENSEN**

We hereby certify this Motion complies with the type-volume limitation within DDD Civ. P.S. III(A)(1). Specifically, this Motion contains 2,657 words.

*s/ Matthew J. Hegarty*
Matthew J. Hegarty

*s/ William T. O'Connell III*
William T. O'Connell III

*s/ Leslie L. Schluter*
Leslie L. Schluter

12

**CERTIFICATE OF SERVICE [CM/ECF]**

I hereby certify, on June 6, 2025, I electronically filed the foregoing **MOTION TO STRIKE PARTS OF PLAINTIFFS' SUMMARY JUDGMENT DECLARATIONS AS SHAM AFFIDAVITS FROM DEFENDANTS** with the Clerk of Court using CM/ECF system which will send notification of such filing to the following email addresses:

Jason M. Kosloski
KOSLOSKI LAW, PLLC
jkosloski@kosloskilaw.com
*Attorney for Plaintiffs*

Leslie L. Schluter
DAGNER | SCHLUTER | WERBER LLC
lschluter@lawincolorado.com
*Attorneys for Defendants Huerfano*
*County and Sam Jensen*

William T. O'Connell III
THOMPSON, COE, COUSINS & IRONS LLP
woconnell@thompsoncoe.com
*Attorneys for Defendant Terry Sandoval*

*s/ Erica Cameron*
Erica Cameron, Legal Assistant

13