IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01610-DDD-MDB

SUSAN DEHERRERA and
JOSE GUERRERO,

      Plaintiffs,

v.

HUERFANO COUNTY, a municipality,
JEFF BENSMAN, in his individual capacity,
TERRY SANDOVAL, in his individual capacity, and
SAM JENSEN, in his individual capacity,

      Defendants.

## HUERFANO COUNTY AND SAM JENSEN'S REPLY TO PLAINTIFFS' RESPONSE TO THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, HUERFANO COUNTY and SAM JENSEN, submit the following reply to Plaintiffs' Response (Doc. 97) to their Motion for Summary Judgment[1]:

**REPLY TO PLAINTIFFS' RESPONSE
RE: UNDISPUTED MATERIAL FACTS**

In their Response, Plaintiffs agree that all 25 facts listed as undisputed in the motion on behalf of the County and Jensen are "undisputed." Pltfs' Resp. Doc. 97, pp. 2-3.

---

[1] The County and Jensen's Motion for Summary Judgment is Doc. 74, filed March 21, 2025. The Plaintiffs' Response to the County and Jensen's Motion for Summary Judgment is Doc. 97, filed May 23, 2025.

Plaintiffs then state that they incorporate by reference what they listed as "undisputed facts" in their Motion for Summary Judgment. *Id.* p. 3. The County and Jensen responded to the facts that Plaintiffs proposed as undisputed in their Response to Plaintiffs' Motion for Summary Judgment. Doc. 100, pp. 1-7.

Plaintiffs next offer a section that they titled "Statement of Disputed Material Facts." This list restates some facts that Plaintiffs had in their Motion for Summary Judgment, but using different numbers. They explain that they wish to highlight numbers 1-11 as disputed facts, but they do not correlate the numbers they used to their original list. Plaintiffs' list of "disputed facts" does not follow MSJ protocol and is confusing. It should be unnecessary for Defendants to attempt to repeat their responses to those specific items. These Defendants rely on their responses to the substance of Plaintiffs' items 1-11.

### REPLY ARGUMENT

**A.   Plaintiffs' Confess the Motion for Summary Judgment on Behalf of Sam Jensen; Jensen Requests that Summary Judgment be Granted.**

Plaintiffs confess that they do not have "a good faith reason to believe that Defendant Sam Jensen was involved in the supervision of Defendants Sandoval or Bensman to support Plaintiffs' claims against Defendant Jensen." Pltfs' Resp., Doc. 97, pp. 1-2. Defendants therefore request that summary judgment be granted to Defendant Sam Jensen.

2

### B. In Reply, the County Stands on its Bases for Summary Judgment.

#### 1. The Undisputed Material Facts Show That No Violation Occurred.

Plaintiffs' response confesses County-Jensen Fact Nos. 1-25 as undisputed. Co-Defendants set forth facts and Plaintiffs have responded. That integration shows the absence of a material dispute of fact that would require a trial of Plaintiffs' Claim that either Terry Sandoval or Jeff Bensman violated their Fourth Amendment rights. The video recordings – consisting of DeHerrera's cell phone video and Bensman's bodycam -- provide visual evidence that no violation occurred.

In opposing all defendants' motions for summary judgment, Plaintiffs offered their own affidavits in an attempt to create disputed material facts, but to the degree material points in these affidavit conflict with their depositions and the video recordings, Defendants have moved that they be stricken as sham affidavits. Doc. 102.

In the absence of an underlying violation, *Monell* liability cannot exist. *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir. 1993).

#### 2. The Undisputed Material Facts Do Not Rise to the Level of Deliberately Indifferent Failure to Train or Supervise.

Plaintiffs' response is significant for its limited scope and confession of the standard they must meet.

Plaintiffs accuse the County of failing to train Bensman, but make no mention of Terry Sandoval. They concede that a *Monell* claim predicated on alleged

3

failure to train or supervise requires proof that the failure was not just "indifferent," but *deliberately* so.

Plaintiffs' basis for deliberately indifferent failure to train consists of statements by Bensman alone, and only concerning the visit in suit. They proffer: (a) no evidence of any other event; (b) no evidence of any other county code enforcement official having engaged in the conduct of which they accuse Bensman; (c) no evidence involving events at any other properties; (d) no other incidents involving Bensman.

Plaintiffs have no quarrel with the County's written policy, but argue that their sole event, and only Bensman's statements about it, evidence a widespread custom having the force and effect of policy, in contravention of the written policy. This falls far short of satisfying a *Monell* claim of deliberately indifferent failure to train or supervise.

Moreover, in response to Plaintiffs' Motion for Summary Judgment, the County noted that Mr. Bensman's service as code enforcement officer covered a short period of time. "Plaintiffs fail to mention that Mr. Bensman's employment as Code Enforcement Officer lasted five months." Doc. 100, p. 8 (citing Bensman Testimony, Hearing Transcript, Doc. 20-4 (29:5-7)).

### REPLY CONCLUSION

Plaintiffs' response confesses the absence of a good faith basis to proceed against Sam Jensen and agrees that they have no dispute as to County/Jensen Fact

4

Nos. 1-25. Given undisputed fact numbers 1-25, and in addition, the undisputed material facts among Terry Sandoval, Jeff Bensman, and Plaintiffs, the questions that prevented the Court from disposing of all claims on the early motions to dismiss have been answered. These facts and the video recordings are helpful in understanding the event. They show that no violation occurred. In the absence of a violation, as held in *Hinton v. Elwood,* cited in Defendants' Motion for Summary Judgment (Doc. 100, p. 12), *Monell* liability cannot attach.

Further regarding the County, Plaintiffs have not proffered any evidence of any other similar event or any statements by anyone other than Bensman in the context of the event. Plaintiffs have no quarrel with the County's written policy, but argue that statements Bensman made about the event evidence a widespread custom to violate the written policy. They offer no citations to any case in support of this argument.

Jensen and the County conclude by restating their request for summary judgment.

5

Respectfully submitted,

*I certify that the foregoing response is within Judge Domenico's practice standard type-volume limitation.*

By  s/Leslie L. Schluter
    Leslie L. Schluter
    DAGNER | SCHLUTER | WERBER LLC
    8400 East Prentice, Suite 1401
    Greenwood Village, CO 80111
    Telephone: (303) 221-4661
    E-mail:  lschluter@lawincolorado.com

ATTORNEYS for DEFENDANTS HUERFANO COUNTY and SAM JENSEN

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on June 6, 2025, I electronically filed the foregoing **HUERFANO COUNTY AND SAM JENSEN'S REPLY TO PLAINTIFFS' RESPONSE TO THEIR MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Jason M. Kosloski<br>KOSLOSKI LAW, PLLC<br>jkosloski@kosloskilaw.com | Matthew J. Hegarty, Esq.<br>HALL & EVANS, L.L.C.<br>hegartym@hallevans.com |
| William T. O'Connell III, Esq.<br>THOMPSON, COE, COUSINS & IRONS, LLP<br>woconnell@thompsoncoe.com | |

s/Leslie L. Schluter

7