**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01610-DDD-MDB

**SUSAN DEHERRERA**; AND
**JOSE GUERRERO**

Plaintiffs,

v.

**HUERFANO COUNTY**, A MUNICIPALITY;
**JEFF BENSMAN**, IN HIS INDIVIDUAL CAPACITY;
**TERRY SANDOVAL**, IN HIS INDIVIDUAL CAPACITY; AND
**SAM JENSEN**, IN HIS INDIVIDUAL CAPACITY,

Defendants.

---

**RESPONSE TO MOTION TO STRIKE PARTS OF PLAINTIFFS' SUMMARY JUDGMENT DECLARATIONS AS SHAM AFFIDAVITS FROM DEFENDANTS**

---

Plaintiffs, Susan DeHerrera and Jose Guerrero, by and through counsel, respond to Defendants' Motion to Strike Parts of Plaintiffs' Summary Judgment Declarations as Sham Affidavits from Defendants; [ECF 102] as follows:

**INTRODUCTION**

Defendants request that the Court strike seven contentions from each of Plaintiff Dehererra's Declaration [ECF 72-1] Plaintiff Guerrero's Declaration [ECF 72-2]. Defendants claim that these contentions are a sham affidavit and should be stricken under Franks v. Nimmo, 796 F.2d 1230 (10th Cir. 1986). However, on each point, Defendants are incorrect.

1

## ARGUMENT

Plaintiff Dehererra's Challenged Statements

> "Her statements speculating how close Mr. Sandoval and Mr. Bensman parked to the water pump installation site, when at her deposition she admitted she didn't know, and both Mr. Bensman's bodycam video and her own cell phone video clearly show more than one 20-foot truck length between Plaintiffs' camping trailer and the water pump installation site, and about two 20-foot truck length between the water pump installation site and where Mr. Sandoval parked his truck (with Mr. Bensman parking his truck behind Mr. Sandoval's even farther away from the installation site)." ECF 102 at 8.

This contention fails on multiple grounds. The precise statements in Plaintiff Dehererra's Declaration are that "Terry Sandoval parked . . . just a few feet from the excavated water well site . . ." and "Jeff Bensman parked . . . directly behind Terry Sandoval's truck." ECF 72-1 at 2. These statements are not contradicted by Plaintiff Dehererra's prior unequivocal. Plaintiff Deherrera did not testify that she did not know the distance, at least in the way that Defendants' attempt to characterize the testimony. Plaintiff Deherrera was asked "to approximate how many feet Mr. Bensman and Mr. Sandoval parked from the wellsite?" ECF 102-1 at 9. Plaintiff Deherrera answered, "About, I don't know, 20 feet maybe. I don't know." Id. at 10. In context, this statement is much less an averment of a complete lack of knowledge of the distance and more accurately a (realistic) uncertainty about the precise number of feet. Plaintiff Deherrera's affidavit statement of "just a few feet" is entirely consistent with this testimony.

Additionally, the statement is not "so inconsistent with other record evidence that no reasonable juror could have possibly relied on [it] to return a verdict for the plaintiff" Tellez v. City of Belen, 560 F. App'x 812, 816-17 (10th Cir. 2014). The statement "just a few feet" is not at all

2

inconsistent with the video evidence. The word "few" is defined as "consisting of or amounting to only a small number." M-W Dictionary, "few" (https://www.merriam-webster.com/dictionary/few) (last accessed June 27, 2025). In the context of a massive plot of land in the country, even 40 is a small number of feet. Additionally, Defendants' contention rests on the assumptions that the trucks parked and visible in Defendant Bensman's body camera footage are twenty feet long (for which Defendants do not cite to record support) and that Defendant Bensman parked farther way from the well site than the two trucks (which is contradicted by Defendant Bensman's body camera footage). Defendant Bensman parked abreast of the second truck, not behind it. ECF 70-1 at 1:48.

> "Her statements peculating how close Mr. Bensman ambulated to the water pump installation site, when at her deposition she admitted the distance of 20 feet which she was approximating was how close Plaintiffs' camping trailer was to the water pump installation site, and both of the aforementioned videos clearly show more than one 20-foot truck length between the water pump installation site and the closest Mr. Bensman ever ambulated towards the water pump installation site." ECF 102 at 8.

Plaintiff Deherrera wrote in her affidavit that "Jeff Bensman and Terry Sandoval . . . approached within a few feet of the excavated water well site . . . " and "walked near the edge of the excavated water well site . . . . " ECF 72-1 at 2.

For much the same reason as the previous statement, this statement is neither inconsistent with Plaintiff Deherrera's prior testimony nor inconsistent with the video evidence. Plaintiffs incorporate their prior arguments. Defendants point to Plaintiff Deherrera's testimony that the well was "About 20 feet or more from our RV" as contradictory evidence. First, this affidavit statement that Defendants are challenging refers to the distance that Defendants Bensman and Sandoval approached to the **water well site** not the RV. Therefore, the deposition testimony that the RV was

3

approximately 20 feet from the water well site is not inconsistent with this statement. Further, as highlighted above, Plaintiff Deherrera's affidavit statement of "a few feet" and "near" is entirely consistent with even a 20 foot or more distance. Finally, Defendants claim conclusory that the "videos clearly show more than one 20-foot truck length between the water pump installation site and the closest Mr. Bensman ever ambulated towards the water pump installation site." Plaintiffs disagree that the video evidence is so clear. Again, this assumes the length of the trucks and assumes. However, in any event, the complained-of statement of "within a few feet" is not so inconsistent with the video evidence to be a sham affidavit.

> "Her statements speculating how close Mr. Sandoval ambulated to
> the water pump installation site, when at her deposition she admitted
> she didn't know." ECF 102 at 8.

This appears to be another argument attacking the same affidavit statements identified above. Plaintiffs incorporate their prior arguments. Plaintiff Deherrera's affidavit states that Defendant Sandoval approached "within a few feet" and "near" the water well site. The statements regarding distance are neither inconsistent with Plaintiff Deherrera's deposition nor so inconsistent with the video evidence to be a sham affidavit.

> "Her statements speculating how close Plaintiffs' camping trailer was
> to the water pump installation site, when at her deposition she
> admitted the distance was at least 20 feet." ECF 102 at 8.

Plaintiff Deherrera's affidavit states that "The RV in which my husband and I resided was located several feet from the excavated water well site. . . opposite the northeast side of the site which Jeff Bensman and Terry Sandoval visually inspected." ECF 72-1 at 2. For the same reasons as previously stated, this statement is not inconsistent with Plaintiff Deherrera's deposition testimony

4

nor so inconsistent with the video evidence to constitute a sham affidavit. Plaintiffs incorporate their previous arguments.

> "Her statements alleging she and Guerrero at all times kept the water well and water pump installed beneath the ground and neither visible nor available to the public, when Mr. Bensman can be clearly hear on his bodycam video describing his visual observation, from the public road of La Deora Boulevard, of Plaintiffs installing a pipeline." ECF 102 at 8.

Plaintiff Deherrera's affidavit states "the water well and water pump were installed beneath the ground and neither visible nor available to the public." ECF 72-1 at 2. Defendants claim this evidence is so inconsistent with the other evidence in the case to constitute a sham because "Mr. Bensman can be clearly heard on his bodycam video describing his visual observation, from the public road of La Deora Boulevard, of Plaintiffs installing a pipeline." ECF 102 at 8.

Defendants are incorrect that this statement is so inconsistent with the video evidence as to constitute a sham. Defendant Bensman's statement that he believes that "it looks like they are putting in a pipeline . . . he's got a pipeline going in" does nothing to contradict the fact that the well and pump were "installed beneath the ground and neither visible nor available to the public." In fact, if anything, the statement is evidence that the water well and pump were *not* visible. If they were, Defendant Bensman would be expected to say "it looks like they are putting in a water well and water pump" instead of a pipeline. However, in any event, evidence that it was possible to see work trucks and drilling work going on from a public street is not inconsistent with the affidavit statement that the "water well and water pump were installed beneath the ground and neither visible not available to the public."

5

> "Her recollection the date Mr. Bensman and Mr. Sandoval visited the
> Property was July 14, 2021, when at her deposition she admitted the
> visit was on July 13, 2021." ECF 102 at 9.

Plaintiffs agree that the date was July 13, 2021. Plaintiffs are prepared to submit a revised affidavit should the Court intend to strike the entire affidavit on this basis.

> "And Plaintiff Deherrera's attempts in ¶¶ 22, 23 of her declaration to
> set forth statements of belief, speculation, understanding, ultimate
> fact, argument, or inference likewise must be stricken." ECF 102 at 9.

Courts may disregard statements in affidavits that are not based upon personal knowledge, are speculative or otherwise unsubstantiated, or are conclusory and self-serving. See Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995); Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995). However, affidavits may be relied on "in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form." Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1183, 1199 (10th Cir. 2006).

Here, Defendants ask the Court to strike Plaintiff Deherrera's statements in her affidavit that she "accessed, read, and understood the Huerfano County code enforcement policy in effect at that time, which was made available publically via Huerfano County's website" and "Prior to and during July 14, 2021, I understood that the Huerfano County code enforcement policy in effect at that time required code enforcement officers to obtain an administrative warrant when access to a property was denied by the owner or resident." ECF 72-1 at 3.

Despite containing the words "I understood," this statement is not the sort of statement that should be stricken under Tavery. Plaintiff Deherrera's affidavit statements are not the sort of

6

statements based on an ungrounded "belief" that should be stricken. Rather, read together, Plaintiff Dehererra's affidavit statements are best understood as relaying the contents of the Huerfano County code enforcement policy in effect at the time of this case. Although this form of testimony would likely not be admissible at trial, they may be relied on for summary judgement. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Argo, 48 F.3d at 485.

Plaintiff Guerrero Challenged Statements

Defendants challenge nearly identical statements from Plaintiff Guerrero's affidavit [ECF 72-2] as they do Plaintiff Deherreras; [ECF 72-1]. For the sake of economy, Plaintiffs do not repeat and instead incorporate their arguments as articulated for Plaintiff Deherrera with the exception of the single new arguemmnt that Defendants raise for one of the statements.

> "His statements speculating how close Mr. Sandoval and Mr. Bensman parked to the water pump installation site, when both Mr. Bensman's bodycam video and DeHerrera's own cell phone video clearly show more than one 20-foot truck length between Plaintiffs' camping trailer and the water pump installation site, and about two 20-foot truck length between the water pump installation site and where Mr. Sandoval parked his truck (with Mr. Bensman parking his truck behind Mr. Sandoval's even farther away from the installation site)." ECF 102 at 9.

Plaintiffs incorporate their arguments above.

> "His statements peculating how close Mr. Bensman ambulated to the water pump installation site, when at his deposition he admitted Bensman did not come within at least 20 feet of Plaintiffs' camping trailer, and both of the aforementioned videos clearly show more than one 20-foot truck length between the water pump installation site and the closest Mr. Bensman ever ambulated towards the water pump installation site." ECF 102 at 9-10.

7

Plaintiffs incorporate their arguments above. In addition, Plaintiff Guerrero did not testify that Mr. Bensman did not come within at least 20 feet of Plaintiffs' camping trailer. Instead, Plaintiff Guerrero was asked if it "sound[ed] accurate" that Plaintiff Deherrera "**said** that he didn't come within 10 feet of the fifth wheel, and she **said** that in her opinion, he almost came within 20 feet of the fifth wheel." ECF 102-2 at 8-9 (emphasis added).

> "His statements speculating how close Mr. Sandoval ambulated to the water pump installation site, when both of the aforementioned videos clearly show more than one 20-foot truck length between the water pump installation site." ECF 102 at 10.

Plaintiffs incorporate their arguments above.

> "His statements speculating how close Plaintiffs' camping trailer was to the water pump installation site, when both of the aforementioned videos clearly show more than one 20-foot truck length between Plaintiffs' camping trailer and the water pump installation site." ECF 102 at 10.

Plaintiffs incorporate their arguments above.

> "His statements alleging he and DeHerrera at all times kept the water well and water pump installed beneath the ground and neither visible nor available to the public, when Mr. Bensman can be clearly hear on his bodycam video describing his visual observation, from the public road of La Deora Boulevard, of Plaintiffs installing a pipeline." ECF 102 at 10.

Plaintiffs incorporate their arguments above.

> "His recollection the date Mr. Bensman and Mr. Sandoval visited the Property was July 14, 2021, when at his deposition he admitted the visit was on July 13, 2021." ECF 102 at 10.

Plaintiffs incoirate their arguments above.

8

"And Plaintiff Guerrero's attempts in ¶¶ 22, 23 of her declaration to set forth statements of belief, speculation, understanding, ultimate fact, argument, or inference likewise must be stricken." ECF 102 at 9.

Plaintiffs incorporate their arguments above.

## CONCLUSION

In sum, the statements that Defendants move to strike do not fail to address unequivocal contrary testimony, are not inconsistent in any way with Plaintiffs' prior testimony, are not inconsistent with the video evidence in a way that makes them a "sham," and do not fail to present otherwise inadmissible evidence from Plaintiffs' personal knowledge. Therefore, Defendants' motion should be denied.

Dated: June 27, 2025.

/s *Jason M Kosloski*
Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiffs DeHerrera and Guerrero*

I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in Judge Domenico's Practice Standard III(A)(2).

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, the foregoing **RESPONSE TO MOTION TO STRIKE PARTS OF PLAINTIFFS' SUMMARY JUDGMENT DECLARATIONS AS SHAM AFFIDAVITS FROM DEFENDANTS** was filed using the CM/ECF e-filing system, which sends notice to the following:

>Leslie L. Schluter
>DAGNER | SCHLUTER | WERBER LLC
>lschluter@lawincolorado.com
>*Attorney for Defendants Huerfano County and Sam Jensen*
>
>William T. O'Connell III
>THOMPSON, COE, COUSINS & IRONS LLP
>woconnell@thompsoncoe.com
>*Attorney for Defendant Terry Sandoval*
>
>Matthew J. Hegarty
>HALL & EVANS, L.L.C.
>hegartym@hallevans.com
>*Attorney for Defendant Jeffrey Bensman*

/s/ Jason Kosloski
Jason Kosloski