IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01610-DDD-MDB

SUSAN DEHERRERA; and
JOSE GUERRERO,

      Plaintiffs,

v.

HUERFANO COUNTY, a municipality;
JEFF BENSMAN, in his individual capacity;
TERRY SANDOVAL, in his individual capacity; and
SAM JENSEN, in his individual capacity,

      Defendants.

---

**REPLY IN SUPPORT OF MOTION TO STRIKE PARTS OF PLAINTIFFS' SUMMARY JUDGMENT DECLARATIONS AS SHAM AFFIDAVITS FROM ALL DEFENDANTS**

---

Defendants Huerfano County ("County"), Sam Jensen, Terry Sandoval, and Jeff Bensman (together "Defendants"), via their respective counsel, now submit their Reply in Support of Motion to Strike Parts of Plaintiffs' Summary Judgment Declarations as Sham Affidavits as follows:

### I. INTRODUCTION

In an attempt to save their Declarations, Plaintiffs assert the inconsistencies which Defendants point out between Plaintiffs' Declarations and their prior sworn deposition testimony or the objective video evidence are not actually inconsistencies. Plaintiffs also argue that the statements in their Declarations made upon their

1

Case No. 1:23-cv-01610-DDD-MDB   Document 106   filed 07/09/25   USDC Colorado
pg 2 of 12

"understanding" should be permitted as conveying the code enforcement policy in effect at the time of the events at the subject of this lawsuit. In doing so, Plaintiffs elect not to address the ***Franks*** factors explicitly, which together with their lack of supporting legal authority causes their arguments to fall flat.

## II. ARGUMENT

At the outset, it's important for the Court to observe the primary purpose of Defendants' original Motion. Defendants aren't seeking to have this Court strike from Plaintiffs' Declarations purely factual matters which Plaintiffs actually observed using their five senses and rationally based upon the perception of those senses, as such matters generally are permissible for a declaration. Rather, Defendants are seeking to have this Court strike from the Declarations things like (1) contradictions, (2) arguable inconsistencies with Plaintiff's sworn deposition testimony, (3) definite inconsistencies with objective video evidence, (4) statements of speculation or hearsay with no factual support, and (5) averments of mere understanding or belief, and conclusions of law, ultimate facts, arguments, or inferences. Those matters not permitted to be included in a declaration, particularly when Plaintiffs admitted in their depositions that they didn't know various of the things they now aver in their Declarations are true and which Defendants seek to have stricken under ***Franks***.

### A.  DeHerrera's Challenged Statements Must Be Stricken

First, Plaintiffs contend DeHerrera's deposition testimony that Defendants Bensman and Sandoval parked "About, I don't know, 20 feet [away from the well site] maybe. I don't know" is consistent with her declaration that "Terry Sandoval parked

2

his white truck … just a few feet away from the excavated water well site" because "a few" feet purportedly can mean as much as 40 feet. [Response to Motion to Strike Parts of Plaintiffs' Summary Judgment Declarations as Sham Affidavits From Defendants ("Response") at 2-3.] Plaintiffs cite to no legal authority supporting their argument that "a few" feet can be equivalent to a distance as large as 40 feet.

Indeed, the definition of "a few" which Plaintiffs cite includes synonyms of "handful" and "couple" which respectively mean approximately "five" or "two". M-W Dictionary, "few" (https://www.merriam-webster.com/dictionary/few) (last accessed July 8, 2025); M-W Dictionary, "couple" (https://www.merriam-webster.com/dictionary/few) (last accessed July 8, 2025); M-W Dictionary, "handful" (https://www.merriam-webster.com/dictionary/few) (last accessed July 8, 2025). Thus, even if DeHerrera's deposition testimony can be taken to mean that she thought Defendants parked 20 feet away from the well site – despite her stating more than once "I don't know", which suffices to demonstrate her lack of knowledge for purposes of Fed.R.Evid. 602, among other things – 20 feet is <u>10 times</u> as much as "a couple" feet and <u>4 times</u> as much as "a handful" of feet.

While Defendants do make an inference in support of their arguments that Defendants Bensman's and Sandoval's full-sized trucks are about 20 feet in length, such an inference is rooted in common sense. And it's a reasonable inference too, because it has evidentiary support in both the video evidence, and Bensman's unrebutted declaration testimony concerning his personal knowledge of the size of the Water Works Plus trucks, which are comparable in size to his own truck and

3

clearly larger than Sandoval's truck. [*See* ECF 70-2 ¶¶11, 36-37].[1] Further, Plaintiffs don't appear to reject this inference, meaning they concede it's reasonable.[2] Moreover, Plaintiffs' assertion Bensman parked "abreast" of Sandoval's truck is blatantly incorrect and contrary to record evidence presently before the Court on summary judgment. The video footage shows Bensman parking in line vertically behind Sandoval's truck, and leaving 10-15 feet in between the two trucks, and Bensman exiting his vehicle and walking forward toward Sandoval's rear bumper. [*See* ECF 70-1, 01:30-01:45]. In her Declaration, therefore, DeHerrera unequivocally (and in derogation of clear visual evidence) attempts to shorten the distance she claims Sandoval parked from the well site in an attempt to persuade the Court to grant Plaintiffs' Motion for Summary Judgment, and the Court shouldn't allow it.

Second, regarding DeHerrera's statements in her Declaration that Defendants Bensman and Sandoval "approached within a few feet of the excavated water well site" and "walked near the edge of the excavated water well site", Plaintiffs similarly argue 20 feet and "a few" feet and "near" are all consistent terms. [Response at 3-4]. This materially contradicts Plaintiffs' argument about how close Sandoval and Bensman parked to the well site, discussed above. According to Plaintiffs' analysis, Bensman's and Sandoval's approach within "a few" feet or "near" the edge of the well

---

[1] In this regard, because these portions of Plaintiffs' Declarations are indeed "so inconsistent with the other evidence in the record that no reasonable juror could have possibly relied on them to return a verdict in Plaintiff's favor", **Tellez v. City of Belen**, 560 F. App'x 812, 817 (10th Cir. 2014), doesn't help Plaintiffs.

[2] Plaintiffs do not argue that the trucks are not approximately 20 feet in length, but merely assert Defendants do not provide record support.

4

site could mean they did not come within 40 feet of same, severely weakening their argument that a search of the well site took place. Plaintiffs disagree that the video evidence shows more than one 20-foot truck length between the site and the closest Bensman ever ambulated toward the site, but they do not explain why they disagree and do not cite to record evidence or legal authority rejecting Defendants' argument. Plaintiffs make similar arguments as to DeHerrera's testimony and Declaration regarding how far Sandoval ambulated toward the well site, and those arguments similarly should be rejected.

Third, concerning DeHerrera's speculation in her Declaration of how close Plaintiffs' camping trailer was to the well site, she again conveniently shortens that distance from "About 20 feet or more" [**Ex. A** at 11, (emphasis added)] to "several feet" [ECF 72-1 ¶19] in an attempt to persuade the Court to grant Plaintiffs' Motion for Summary Judgment. *See* M-W Dictionary, "several" (https://www.merriam-webster.com/dictionary/few) (last accessed July 8, 2025) (defining "several" as "more than two but fewer than many"); M-W Dictionary, "many" (https://www.merriam-webster.com/dictionary/few) (last accessed July 8, 2025) (defining "many" as "consisting of or amounting to a large but indefinite number"). Plaintiffs' Declarations should state the same distance to which they swore to in their deposition testimony, and since they don't, the Court cannot permit them to change that testimony now. *See, e.g.*, **Franks v. Nimmo**, 796 F.2d 1230, 1237 (10th Cir. 1986).

Fourth, Plaintiffs' assertion that DeHerrera's Declaration averment that "the water well and water pump were installed beneath the ground and neither visible

5

nor available to the public" [ECF 72-1, ¶6] is not inconsistent with Defendant Bensman's video observation that Plaintiffs were putting in a pipeline, also fails. The pipeline is indeed part of the water well system; common sense dictates that Plaintiffs would not be installing a pipeline for a water well system if they were not installing a water well system. Indeed, after seeing the pipeline <u>and</u> before he entered the Property, Bensman observed, "I have a feeling they have no <u>well</u> permit for this." [ECF 70-1 at 00:46 (emphasis added)].

<u>Fifth</u>, in response to Defendants' argument that DeHerrera's self-serving statements in paragraph 22 and 23 of her Declaration constitute speculation or hearsay with no factual support, Plaintiffs argue such statements should be permitted because they "are best understood as relaying the contents of the Huerfano County code enforcement policy in effect at the time of this case." [Response at 6-7]. But this backtracking is directly contradictory to DeHerrera's use of the term "I understood" in paragraphs 22 and 23 of her Declaration. Not only that, but her Declaration leaves out pertinent parts of the policy such that it cannot be understood to be accurately relaying the contents of the code enforcement policy. [*See* ECF 70 at 3-4 (SUMF ¶14); ECF 103 at 10-11 (Section III(B))]. The best evidence of the contents of the County code enforcement policy in effect at the time of this case is the actual language of the actual County code enforcement policy actually in effect at the time of this case, which Defendants actually gave to the Court. [ECF 70-6]. No need for the Court to face the buzzsaw of reversible error into which Plaintiffs invite the Court.

6

Plaintiffs further argue their "understanding" in their Declarations shouldn't be stricken because they may be relied on in support of summary judgment even if inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form.[3] But Plaintiffs' Declarations can be relied on only if, in addition to setting out facts that would be admissible in evidence, they are <u>made on personal knowledge</u> and show that the affiant is competent to testify to the matters stated. *See* Fed.R.Civ.P. 56(c)(4); *see also* Fed.R.Evid. 602. Statements in an declaration made upon an "understanding", i.e. bare belief, are not "made on personal knowledge." *See* **Tavery v. U.S.**, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994); **Carey v. Beans**, 500 F. Supp. 580, 583 (E.D. Pa. 1980); *see* **Aludo v. Denver Area Council**, 2008 U.S. Dist. LEXIS 51797, at *4-9 (D. Colo. July 8, 2008) (citing **Tavery** and **Carey** and striking portions of affidavits violating the rule). It's axiomatic that

---

[3] Plaintiffs cite to **Argo v. Blue Cross & Blue Shield of Kan., Inc.**, 452 F.3d 1183, 1199 (10th Cir. 2006). Defendants presume, and proceed as if, Plaintiffs meant to cite **Argo v. Blue Cross & Blue Shield of Kan., Inc.**, 452 F.3d <u>1193</u>, 1199 (10th Cir. 2006). In any event, **Argo** doesn't help Plaintiffs, because <u>after</u> the statement on which Plaintiffs rely the Tenth Circuit went on to reason, "Nonetheless, 'the content or substance of the evidence must be admissible.' Thus, for example, at summary judgment courts should disregard inadmissible hearsay statements contained in affidavits, as those statements could not be presented at trial in any form." **Id.** (citation omitted) (quoting **Thomas v. IBM**, 48 F.3d 478, 485 (10th Cir. 1995)). So too here. Plaintiffs' "understandings" of the County's code enforcement policy in their Declarations don't reflect the whole counsel of the Policy's language and would be inadmissible because they'd purport to instruct the jury on the law—but that's the Court's job. *E.g.*, **Immel v. Union Pac. R.R. Co.**, No. 18-cv-02631-DDD-KMT, 2020 U.S. Dist. LEXIS 248618, at *3-4 (D. Colo. Feb. 11, 2020) (Domenico, J.) ("[Courts] must also consider, however, whether the expert encroach[es] upon the trial court's authority to instruct the jury on the applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability." (internal quotations omitted)).

an assumption and personal knowledge are mutually exclusive when an affidavit is concerned. *See, e.g.*, **Livick v. The Gillette Co.**, 524 F.3d 24, 28 (1st Cir. 2008) (personal knowledge pertains to facts "as opposed to conclusions, assumptions, or surmise"); **FrontRange Solutions United States, Inc. v. NewRoad Software, Inc.**, 505 F. Supp. 2d 821, 829-30 (D. Colo. 2007). Thus, DeHerrera's statements based on a nebulous "understanding" in paragraphs 22 and 23 of her Declaration do not constitute evidence that is admissible to oppose a motion for summary judgment and are precisely the kind of statements that should be stricken.

**B.     Guerrero's Challenged Statements Must Be Stricken**

In response to Defendants' claims that Guerrero's Declaration should be stricken, Plaintiffs incorporate their arguments in support of not striking DeHerrera's Declaration, with the exception of adding one additional argument. As such, Defendants hereby stand on their arguments discussed above concerning their request to strike various portions of DeHerrera's Declaration as applying equally to their request to strike various portions of Guerrero's Declaration, and respond below to Plaintiffs' additional assertion in relation to Guerrero.

Regarding Guerrero's statement in his Declaration that Defendants Bensman and Sandoval "approached within a few feet of the excavated water well site" [ECF 72-2, ¶ 15] Plaintiffs assert this is not inconsistent with his testimony, denying that Guerrero testified Bensman did not come within at least 20 feet of Plaintiffs' camping trailer. But that is precisely what he testified in his assent to DeHerrera's testimony:

8

> Q. And Susan – Susan said that he didn't come within 10 feet of the fifth wheel, and she said that in her opinion, he almost came within 20 feet of the fifth wheel.
>
> Does that sound accurate?
>
> A. Yes[.]

[**Ex. B** at 8-9 (objection to form omitted).] Plaintiffs assert Guerrero was merely testifying that it sounded accurate that DeHerrera made that statement, not that the statement she made was actually true (which is what defense counsel was asking). But if that were the case, Guerrero would be testifying that DeHerrera said Bensman did not come within 20 feet of the well site, which again is directly contradictory to both Declarations asserting he came within "a few" feet of the well site and walked "near" its edge. [*See* ECF 72-2 ¶¶15, 18; ECF 72-1 ¶¶15, 18]. Instead, Guerrero's testimony should be understood to convey the common-sense admission he actually made during that part of his deposition, that DeHerrera's statements about specific distances measured in feet about which he was asked were, in his opinion, true.

At the very least, Plaintiffs concede the date of the events at issue here took place on July 13, 2021, not July 14, 2021, so all statements in their Declarations which identify the date of Defendants' visit to the Property as July 14, 2021 must be disregarded. [*See* Response at 6 ("Plaintiffs agree that the date was July 13, 2021")].

In the end, a direct material contradiction between deposition testimony and a summary judgment declaration need not be proven — only "arguable contradiction" is required to justify disregarding an offending allegation of a declaration in the Tenth Circuit, which upheld various lower courts' decisions to disregard declarations

where the contradiction with prior sworn statements is indirect. *See **Mitchael v. Intracorp, Inc.***, 179 F.3d 847, 854-55 (10th Cir. 1999); ***Sumpter v. Ahlbrecht***, 2012 U.S. Dist. LEXIS 8919, at *16-17 (D. Colo. Jan. 26, 2012) (citing ***Juarez v. Utah***, 263 F. App'x 726, 735 (10th Cir. 2008); ***Mitchael***, 179 F.3d at 854-55).

## V. <u>CONCLUSION</u>

In conclusion, for the foregoing reasons, Defendants Huerfano County, Sam Jensen, Terry Sandoval, and Jeff Bensman respectfully reiterate their request, first made in their Motion, that this Court enter an Order: (1) striking all portions of Plaintiffs' summary judgment declarations directly or arguably inconsistent with their deposition testimony or objective video evidence in the record on summary judgment, as an impermissible attempt to create a sham fact issue on summary judgment; (2) striking all portions of Plaintiffs' summary judgment declarations containing speculation or vague estimates with no factual support in the record; (3) striking all portions of Plaintiffs' summary judgment declarations averring "I believe" or those made upon an understanding or awareness; (4) striking all portions of Plaintiffs' summary judgment declarations containing conclusions of law, ultimate facts, arguments, or inferences; and (5) entering all other and further relief which the Court deems just and proper.

Dated and respectfully submitted this 9th day of July, 2025.

*s/ Matthew J. Hegarty*
Matthew J. Hegarty
HALL & EVANS, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
T:  303-628-3300
F:  303-628-3368
hegartym@hallevans.com
**ATTORNEYS FOR DEFENDANT JEFF BENSMAN**

*s/ William T. O'Connell III*
William T. O'Connell III
THOMPSON, COE, COUSINS & IRONS LLP
1700 Broadway, Suite 900
Denver, CO 80290
T: 303-830-1212
woconnell@thompsoncoe.com
**ATTORNEYS FOR DEFENDANT TERRY SANDOVAL**

*s/ Leslie L. Schluter*
Leslie L. Schluter
DAGNER | SCHLUTER | WERBER LLC
8400 E. Prentice Ave., Suite 1401
Greenwood Village, CO 80111
T: 303-221-4661
F: 303-221-4594
lschluter@lawincolorado.com
**ATTORNEYS FOR DEFENDANTS HUERFANO COUNTY AND SAM JENSEN**

We hereby certify this Reply complies with the type-volume limitation within DDD Civ. P.S. III(A)(1). Specifically, this Reply contains 2,565 words.

*s/ Matthew J. Hegarty*
Matthew J. Hegarty

*s/ William T. O'Connell III*
William T. O'Connell III

*s/ Leslie L. Schluter*
Leslie L. Schluter

11

**CERTIFICATE OF SERVICE [CM/ECF]**

I hereby certify, on July 9, 2025, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO STRIKE PARTS OF PLAINTIFFS' SUMMARY JUDGMENT DECLARATIONS AS SHAM AFFIDAVITS FROM ALL DEFENDANTS** with the Clerk of Court using CM/ECF system which will send notification of such filing to the following email addresses:

Jason M. Kosloski
KOSLOSKI LAW, PLLC
jkosloski@kosloskilaw.com
*Attorney for Plaintiffs*

Leslie L. Schluter
DAGNER | SCHLUTER | WERBER LLC
lschluter@lawincolorado.com
*Attorneys for Defendants Huerfano
County and Sam Jensen*

William T. O'Connell III
THOMPSON, COE, COUSINS & IRONS LLP
woconnell@thompsoncoe.com
*Attorneys for Defendant Terry Sandoval*

                                                 *s/ Erica Cameron*
                                                 Erica Cameron, Legal Assistant